STATE EX REL. A. W. OWENS, RELATOR, VS. W. D. BARNES, COMPTROLLER, RESPONDENT.

1. While in its ordinary sense the word "conviction" is used to indicate the ascertainment of the guilt of a prisoner by his plea of guilty, or by the verdict of a jury, it is often used in a broader sense to include the sentence or judgment of the court.

2. It is used in this broader sense in section 2 of the Act of 1883, chap. 3459, in relation to "conviction fees" of State attorneys; and the "conviction fees" of County solicitors, as prescribed by the Act of 1887, chap. 3731, §14, being the same paid to State attorneys in like cases, and to be paid in like manner, has the same meaning as in the former act.

3. Neither a State attorney nor a County solicitor is entitled, under these acts, to payment of a conviction fee by the State until after sentence of the court against the person convicted, and the failure of such person to pay the same, and a return of the Sheriff that he has no goods or chattels out of which the same can be made. The last clause of §14, chap. 3731, does not remove these requirements.

Motion for an alternative writ of mandamus.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*A. W. Owens*, for the motion.

Section 17, page 949, McClellan's Digest, says that the State's Attorney shall receive a certain salary, and " ten dollars for each conviction in cases of felony, and five dollars for conviction in cases of misdemeanors," &c. Sec. 1, Chapter 3459, Acts 1883, says that " hereafter the conviction fees of the State's Attorneys for the several circuits shall be as follows," setting forth the conviction fees, and Sec. 2 says that, " in all cases of conviction under criminal charges in the circuit court the conviction fee of the State's

154 SUPREME COURT.

State ex rel. Owens v. Barnes, Comptroller—Argument of Counsel.

Attorney shall be taxed with the cost and paid by the defendant," and that if the defendant does not pay the same, upon the sheriff making a statement or return showing that the defendant has not the goods from which the fee can be made, that upon a certificate to that effect from the Clerk, the Comptroller shall audit the same, &c. Section 14, Chapter 3731, Acts of 1887, says that the County Solicitors shall receive the same conviction fees, &c., to be paid in the same manner, &c., as the conviction fees of the State's Attorney.

These conviction fees are evidently given to the prosecuting attorney as a reward for prosecuting the causes of the State to a successful issue. The work of the prosecuting officer is finished on the rendition of the verdict of guilty by the jury—or a plea of guilty by defendant—unless indeed there be a motion in arrest of judgment or a new trial: but the prosecutor is supposed to have no control over the judgment or sentence of the court. The Legislature could have no reason in using the word "conviction" in these statutes in the sense of "attainted," and must have used it in its ordinary sense.

In the language of Gray, Justice, Com. vs. Lockwood, 109 Mass., 323, "the ordinary meaning of 'conviction' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt, while judgment or sentence is the appropriate word to denote the action of the court before which the trial is had."

Blackstone declares, 4 Bl. Com., 380, "That there is a great difference between a man 'convicted' and 'attaint-

JANUARY TERM, 1888.	155

State ex rel. Owens v. Barnes, Comptroller—Argument of Counsel.

ed,' though they are frequently through inaccuracy confounded together."

That the word ' conviction,' when used by the Legislature as applied to the conviction fees of the State's Attorneys and County Solicitors, was used in its ordinary and more correct sense, and that a judgment or sentence of the court is not necessary to make the conviction fee payable. Sec. 14, Chapter 3731, Acts of 1887, expressly declares " that the said conviction fees (of the County Solicitor) shall be paid in cases where new trials are granted and appeal taken, the same as in other cases of conviction," thereby showing that the conviction fee is intended as a reward for the successful conduct of the case, and does not depend on the sentence or judgment of the court.

A few of the authorities which go to show that the word conviction means the finding of a person guilty by the verdict of a jury, and that the idea of a sentence or judgment of the court is not involved therein, are cited : Com. vs. Lockwood, 12 Am. Repts., 699, or 109 Mass., 323 ; State vs. Alexander, 22 Am. Repts., 675, or 76 N. C., 231 ; 99 Mass., 420 ; 14 Pick., Mass., 88 ; 1 Bishop's Criminal Law, 223 ; 8 Wend., N. Y., 284 ; 4 Bl. Com., 362, 365, 375, 380, 381 ; Rapalje & Lawrence Dict.; Abbott's Law Dict., 285 ; Bouvier's Law Dict., 362 ; Tomlin's Law Dict., 414 ; 48 Maine, 123 ; 24 Howard's Practice Reports, N. Y., 38 ; 99 Mass., 420 ; 1 Hawk P. C., c. 10 ; 4 Bl. Com., 336 ; 4 Bl. Com., 332 ; Bishop's Crim. Pro., 698, 700 ; 17 Pick. (Mass.), 295.

In the face of all these authorities it would be a strained construction to hold that in the use of the word " conviction," as used by the Legislature in connection with the conviction fees of the State's Attorneys and County Solicitors, they used it in the sense of attainted, and particularly

so if it can be shown that in many other portions of the acts they used the word to denote exclusively and beyond all possible doubt the verdict of the jury. The following are some of the instances in which the word is so used: Section 3, page 435, McC's Dig.; sec. 15, page 447, McC's. Dig.; sec. 19, page 448, McC's. Dig.; sec. 33, page 450, McC's. Dig.; sec. 36, page 451, McC's. Dig.; sec. 38, page 451, McC's. Dig.; sec. 40, page 451, McC's. Dig.; sec. 8, page 456, McC's Dig.

*The Attorney-General* contra.

THE CHIEF JUSTICE delivered the opinion of the court:

This is an original proceeding for mandamus, in which the relator sets forth that as County Solicitor for the Criminal Court of Record for Duval county, he filed at the February term, 1888, three several informations, one against Dave Holmes charging him with gambling in a gambling house, one against Joseph Welch charging him with vagrancy, and the third against George White charging him with trespass with malicious intent; that Holmes pleaded guilty, whereupon the court ordered that sentence be suspended upon payment of costs by him; that Welch also pleaded guilty, and the court simply ordered that sentence be suspended; and that White was tried and convicted by verdict, but the court set the verdict aside and granted him a new trial. The Clerk of the Court gave a certificate that the said parties have been convicted in the said court of the offences charged against them, and that they have not paid the conviction fees of the relator, and that the Sheriff of the county has made return that said defendants have not sufficient goods and chattels from which said fees can be made. Said certificates having been presented to the respondent, as Comptroller, and demand made that he should

JANUARY TERM, 1888. 157

State ex rel. Owens v. Barnes, Comptroller—Opinion of Court.

audit the same, he refused to do so, wherefore relator prays for a writ of mandamus commanding said Comptroller forthwith to audit the claim. Upon motion for the writ, respondent resists on the ground that the relator is not entitled to conviction fees in the cases mentioned, as those cases now stand, according to the facts of the petition.

No objection having been interposed to the proceeding, because of its purpose to control the discretion of the Comptroller, we understand each objection is waived, and we proceed to consider the case on that understanding.

The only question we have to decide is whether the relator was entitled to conviction fees from the State before final disposition of the cases by sentence or judgment.

Section 14, Chap. 3731, Acts 1887, provides that "the County Solicitors shall be paid three dollars per diem, and receive the same conviction fees that are now paid to the State's Attorneys in like cases, to be paid quarterly by the State in like manner as the per diem and conviction fees of the State's Attorneys are now paid, and the said conviction fees shall be paid in cases when new trials are granted and appeals taken, the same as in other cases of convictions."

The act of 1883, Chap. 3459, fixes the conviction fees of State Attorneys, and the relator contends that the term "conviction" means the ascertainment of the guilt of a party, either by a plea of guilty or by the verdict of a jury. In its ordinary sense, and perhaps technically correct sense, that is its meaning. The law dictionaries so give it. Blackstone (Book 4, 362,) says: "If the jury find (the prisoner) guilty he is then said to be *convicted* of the crime whereof he stands indicted; which conviction may be in two ways—either by his confessing the offence and pleading guilty or by his being found so by the verdict of his country." In Commonwealth vs. Lockwood, 109 Mass., 323, it is said: "The ordinary legal meaning of ' convic-

tion,' when used to designate a particular stage of a crimi-
nal prosecution triable by a jury, is the confession of the
accused in open court, or the verdict returned against him
by the jury, which ascertains and publishes the fact of his
guilt; while judgment or sentence is the appropriate word
to denote the action of the court before which the trial is
had, declaring the consequences to the convict of the fact
thus ascertained." There are numerous other authorities
to the same effect, some of which are cited in this case, but
it is needless to multiply them here.

On the other hand, there are numerous authorities that
hold the judgment or sentence to be a necessary component
part of " conviction "—that is, that the use of the word in
a constitution or statute or judicial decisions may be in
such connection as to show that judgment or sentence was
to be included in it. This is admitted in the case of Com-
monwealth vs. Lockwood, *supra*, in which Judge Gray says:
" When indeed the word ' conviction ' is used to describe
the effect of the guilt of the accused as judicially proved in
one case, when pleaded or given in evidence in another, it
is sometimes used in a more comprehensive sense, including
the judgment of the court."

In Smith vs. The Commonwealth, 14 Sergt. & Rawls,
69, the defendant was sentenced to imprisonment for life
on a charge of having committed a second burglary. The
statute under which he was indicted provided " that if a
man shall commit burglary a second time, and be thereof
legally convicted, he shall be sentenced to undergo impris-
onment at hard labor during life." The indictment
charged that he was convicted on a former indictment, and
the court gave judgment. It was held that his sentence
was error, the court saying: " It does not appear in this
indictment what judgment was given on the former indict_

ment. It is indeed set forth that the defendant was convicted on a former indictment, and the court gave judgment. But what that judgment was is not said. Where the law speaks of *conviction* it means a *judgment*, and not merely a verdict, which in common parlance is called a conviction."

In Commonwealth vs. Gorham, 99 Mass., 420, the court says: "The term 'conviction' is used in at least two different senses in our statutes. In its most common use it signifies the finding of the jury that the prisoner is guilty; but it is very frequently used as implying a judgment and sentence of the court upon a verdict or confession of guilt."

The Code of Illinois "declares that each and every person convicted of any of the crimes therein enumerated, of which larceny is one, shall be deemed infamous, and shall forever thereafter be rendered incapable of holding any office, * * of voting at any election, of serving as a juror and of giving testimony." In Faunce vs. The People, 51 Ill., 311, where the question was whether under that statute a witness who had been convicted of stealing goods, but had not been sentenced, should be permitted to testify. The court held that he should not, summing up its conclusion in a head-note of the case thus: "It cannot be said that a person has been *convicted* of a crime, so as to render him incapable of giving testimony within the meaning of the (Code) until there has been a judgment rendered on the verdict of guilty." See also Gallagher vs. The State, 10 Texas, Ct. App., 469; Blanfus vs. People, 69 N. Y., 107; Keithler vs. State, 10 Smedes & M., 192.

Without referring to other cases, it will be seen from those we have cited that the use of the word "conviction," often implies a judgment or sentence, as well as the verdict of a jury. It is so used in our Constitution in section 2,

article IV, which empowers the Governor, " in cases of conviction for treason, * * to suspend the execution of sentence until the case shall be reported to the Legislature ;" also in section 12 of same article, which authorizes the Governor, Justices of the Supreme Court and Attorney-General, to " remit fines and forfeitures, commute punishment and grant pardons after conviction ;" and also in section 5, of article VI, which gives power to the Legislature to enact laws to exclude from office and from the right of suffrage, " all persons convicted of bribery, perjury, &c., * * * but the legal disability shall not accrue until after trial and conviction by due form of law."

Recurring now to the statute which allows to County Solicitors the same conviction fees as to State Attorneys, to be paid " in like manner " as conviction fees of the latter officers are paid, we are to ascertain the sense in which the word conviction is there used. It must have the same sense it has as used in regard to State Attorneys. The second section of the statute as to them is this : " That in all cases of conviction under criminal charges in the Circuit Courts, the conviction fee of the State Attorney shall be taxed with the costs in the case, and paid by the defendant; *Provided*, That if the defendant does not pay the same, and by the return of the Sheriff it be shown that the said fee of the State Attorney cannot be made out of the goods and chattels of the convicted defendant, the conviction fee of the State Attorney shall be paid by the State, to be audited by the Comptroller, and paid by the Treasurer, upon the presentation of the certificate of the Clerk of the court in which the conviction is made, showing that the conviction has been made, the nature thereof, that the defendant has not paid the conviction fee, and that the Sheriff has made a return showing that the convicted defendant has not suf-

ficient goods from which the said fee of the State Attorney can be made."

It is very plain that this statute contemplates a sentence of the court as necessary to entitle the State Attorney to a conviction fee. The costs are not taxed till the sentence is given, and the defendant is not required to pay till they are taxed. Then if he fails to pay the Sheriff must make return that the fee cannot be made out of his goods and chattels before the State can be called on to pay, and such return could only be made on an execution, which never issues unless specially authorized by statute, before final judgment. It follows that "conviction," as used in this statute, includes a sentence of the court, and the same meaning must be given to it in the statute allowing the fee to the County Solicitor.

But this latter statute contains a clause not to be found in the former, which, it is suggested, may make a difference between the two. It is this: "The said conviction fees shall be paid in cases when new trials are granted and appeals taken, the same as in other cases of conviction." By this it could not have been intended that a conviction by the verdict of a jury entitled the Solicitor to his fee, notwithstanding the granting of a new trial or the taking of an appeal, because to be paid the "same as in other cases of conviction," excludes the idea of such intention. We have seen that in "other cases" there can be no demand for payment by the State until after judgment or sentence, and the failure of the defendant to pay, followed by a return of the Sheriff that the defendant has no goods or chattels out of which the fee can be made. There can be nothing of this kind before the final disposition of the case. Hence we think the more correct construction of this clause would be to say that the conviction fee should

12

abide the result of the case the "same as in other cases." Else if on a new trial, whether after the granting of a new trial, or after reversal or appeal, there should be an acquittal, the state of things would be one in which the prerequisites to a charge against the State did not exist, no mode of getting payment from the State in such case being provided. But if, on the new trial, there should be another conviction, resulting in a sentence, then the Solicitor shall have his fee, the "same as in other cases"—that is, one conviction fee.

The motion for a mandamus is denied.