P. A. DEMENS, APPELLANT, vs. NAT POYNTZ, APPELLEE.

1. An appeal does not lie in a case at law before a referee, except from a final judgment.

2. An entry: "I find for the plaintiff, and assess his damages at," stating the amount, is not a final judgment, but simply a *finding* under the statute regulating the practice before referees.

Appeal from the Circuit Court for Orange County.

Motion to dismiss appeal.

The facts of the case are stated in the opinion of the court.

*W. R. Anno* for motion.

RANEY. C. J. : Appellee moved to dismiss the appeal because it was taken without notice or citation.

We do not say whether or not the stipulation filed in this court and assigned by counsel for the respective parties, covers the absence of a citation and service thereof, but there is a defect which makes the appeal premature, and which we would take notice of had we opened the record to dispose of the cause on its merits.

The cause was tried by a referee. His "decision," as it is styled by him, is, after giving the style of the cause, as follows: "I find for the plaintiff and assess his damages at eight hundred and nine dollars and eighty-eight cents, ($889.88.) Aug. 3, 1888." This is not a final judgment, it is simply the referee's finding. The statute, McClellan's Digest, 4 and 5, contemplates both findings and a judgment in cases at law, and findings and decree in cases in equity. The term decision is used in the statute at least once as convertible with that of findings.

This case is at law, and the meaning of the statute is, that there shall be a formal final judgment by the referee, following the form of judgments at law as far as applicable. Until there has been such a judgment, there can be no appeal. The appeal is from the *judgment* or *decree*, not from the findings. Section 9, p. 858 McC.'s Digest.

The appeal is dismissed.