PENSACOLA LODGE No. 497, BENEVOLENT AND PROTECTIVE ORDER OF ELKS, A CORPORATION, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed December 13, 1917.

Petition for rehearing denied January 2, 1918.

1. Under Section 936, General Statutes of 1906, where fines are imposed under the penal laws of the State, "judgment must be entered therefor in favor of the State for the use of the particular county," such fines being required by the Constitution to be paid into the county treasuries.

2. Where a plea of *nolo contendere* is accepted it is not necessary in passing sentence for the court to adjudge a party to be guilty, for that follows as a legal inference from the implied confession of the plea; but the court should adjudge that the defendant is convicted of the offense charged, and the sentence which follows should impose the penalty as provided by law.

3. The right of a trial court to suspend sentence is recognized, but it has no power to suspend the execution of a sentence already lawfully imposed, except for the purpose of giving effect to an appeal, or where cumulative sentences are imposed, and in some cases of necessity or emergency.

4. An entry in a criminal prosecution that "it is considered by the court that the defendant do forfeit and pay to the State of Florida the sum of" stated dollars, and that the collection thereof is suspended, is not such a judgment as will support a writ of error.

Writ of Error to Court of Record for Escambia County, C. M. Jones, Judge.

Writ of error dismissed.

*Watson & Pasco, Kirk Monroe* and *Robert H. Anderson,* for Plaintiff in Error;

*Van . C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for State.

WHITFIELD, J.—In a prosecution for violation of Chapter 7287 Laws of 1917, the following "judgment upon the defendant" was rendered: "This cause coming on this day to be heard, and the defendant being represented by its attorneys, present in court and having entered a plea of *nolo contendere* to the charge contained in the information, it is considered by the Court that the defendant do forfeit and pay to the State of Florida the sum of $100.00, together with the costs of this prosecution, here and now taxed at $     ; which said fine is suspended upon condition that the defendant comply with the law in the future." A writ of error was taken by the defendant below and various contentions on the merits are made, but as the judgment is insufficient as a basis for the writ of error, the writ must be dismissed.

Section 936 of the General Statutes of 1906, provides: "All fines imposed under the penal laws of this State, and the proceeds of all forfeited bail, bonds or recog-

nizances, shall be paid into the fine and forfeiture fund of the county in which the indictment was found or the prosecution commenced, and judgment must be entered therefor in favor of the State for the use of the particular ·county." Sec. 9 Art. XVI Constitution as amended in 1894.

Where a plea of *nolo contendere* is accepted it is not necessary in passing sentence for the court to adjudge the party to be guilty, for that follows as a legal inference fro mthe implied confession in the plea; but the court should adjudge that the defendant is convicted of the offense charged, and the sentence which follows should impose the penalty as provided by law. 19 Ency. Pl. & Pr. 437; Commonwealth v. Ingersoll, 145 Mass. 381, 14 N. E. Rep. 449; Commonwealth v. Mahoney, 115 Mass. 151. Conviction includes a judgment as well as a plea or verdict of guilt. O'Brien v. State, 55 Fla. 146; 24 Fla. 153.

The right of a trial court to suspend sentence is recognized, but it has no power to suspend the execution of a sentence already lawfully imposed, except for the purpose of giving effect to an appeal, or where cumulative sentences are imposed, and in some cases of necessity or emergency. Tanner v. Wiggins, 54 Fla. 203, 45 South. Rep. 459, 14 Ann. Cas. 718; Ragland v. State, 55 Fla. 157, 46 South. Rep. 724; Ex parte United States, 242 U. S. 27, — Sup. Ct. Rep. —; State v. Abbott, 87 S. C. 466, 70 S. E. Rep. 6, 33 L. R. A. (N. S.) 112; Fuller v. State, 100 Miss. 811, 57 South. Rep. 806, 31 Ann. Cas. 98; Fuller v. State,— Miss.—, 57 South. Rep. 6, 39 L. R. A. (N. S.) 242.

The purported judgment in this case states that the defendant having entered a plea of *nolo contendere* to

the charge contained in the information, "it is considered by the court that the defendant do forfeit and pay to the State of Florida the sum of $100.00" &c. There is no adjudication of conviction and no sentence other than "that the defendant do forfeit and pay." Under the statute above quoted a judgment must be entered for the fine "in favor of the State for the use of the * * * county." The order by which "said fine is suspended" is a mere irrelevancy, whether the supposed judgment is effective or not.

The judgment is not an adjudication of conviction and imposition of fine and judgment therefor as the statute requires. There is consequently no sufficient judgment to support a writ of error, and the writ of error issued herein is dismissed.

BROWNE, C. J., AND TAYLOR AND ELLIS, J. J., AND WILLS, Circuit Judge, Concur.

WEST, J., disqualified.