J. H. ELLIS, *Petitioner*, v. STATE OF FLORIDA, *Respondent*.

En Banc.

Opinion filed June 17, 1930.

28

*Zewadski & Pierce,* for Petitioner;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Respondent.

BROWN, J.—This case is before us upon writ of certiorari to the Circuit Court for Hillsborough County to review the judgment of that court affirming an alleged judgment of the court of crimes of that county. The alleged judgment of the court of crimes was as follows:

"It is the judgment of the court and the sentence of the law, that you, J. H. Ellis, pay a fine of $300 and in default of payment of said fine you will be confined in the county jail for a period of (3) months."

Under the prior decisions of this Court, the so-called judgment of the court of crimes was defective, in that it contained no adjudication by the court of the guilt of the defendant. It neither formally adjudged him to be guilty, nor recited his conviction by the jury, using such language as indicated the confirmation of adoption or approval of such verdict by the court. See Timmons v. State, 97 Fla. 23, 119 So. R. 393, and cases therein cited; also State v. Blitch, 97 Fla. 260, 120 So. R. 355; Caughn v. State, 122 So. R. 565; Brown v. State, 123 So. R. 763. It is true, the record of the proceedings in the court of crimes showed that although not mentioned in the judgment entry, a verdict had been rendered finding the defendant guilty "as charged in the second count of the information;" but, whatever may be the holding in some jurisdictions, this Court is firmly committed to the doctrine that a legal conviction of crime includes a judgment of the court as well as a plea or verdict of guilty. Smith v. State, 75 Fla. 468, 78 So. R. 530; Johnson v. State, 81 Fla. 783, 89 So. R. 114; Harris v. State, 75 Fla. 527, 78 So. R. 526; Pensacola

Lodge, etc., v. State, 74 Fla. 498, 77 So. R. 613; 86 So. R. 506; Gordon v. State, 86 Fla. 255, 97 So. R. 428; Kauz v. State, 124 So. R. 177. See also State v. Barnes, 24 Fla. 153, 4 So. R. 560; Demens v. Poyntz, 25 Fla. 654, 6 So. R. 261. While there might be some ground for relaxing this rule somewhat as to the record evidence of judgment of courts that are not courts of record, such as justice and municipal courts, and in which the entries are usually very meagre and informal (Freeman on Judgments, 5th Ed., Sec. 118), we see no reason for changing the rule as to judgments in courts of record, merely because the crime of which the defendant was found guilty happens, as in this case, to be a misdemeanor. In fact, we have several times held, as borne out by some of the decisions above cited, that in cases where a former conviction of a misdemeanor is charged, in order to make the second charge for the same offense amount, under the statute, to a charge of felony, the evidence to sustain the allegation of the former conviction of misdemeanor must show, in addition to the plea of guilty, or the verdict of guilty, and the imposition of punishment, an adjudication by the court of the defendant's guilt; thus, in principle, extending the rule to misdemeanor cases.

It is contended that the court's adjudication of the guilt of the defendant should be implied from the imposition of sentence; that certainly the court would not have sentenced the defendant unless he had reached the conclusion that he was guilty, as found by the jury.

But, aside from what might be implied on collateral attack, which we are not here considering, can this important element be implied, on appeal? It must of course be admitted that, in the abstract at least, the rendition of a judgment is a judicial act, while its entry upon the record is merely ministerial, and that a judgment may, in whole or in part, be pronounced or rendered, though not actually

recorded. Black on Judgments, 2nd Ed., Sec. 106; Freeman, Judgmts. 5th Ed., Sec. 46. See also Section 4496, Comp. Gen. Laws. This doctrine is the foundation for subsequent entries *nunc pro tunc* of judgments which were previously announced and rendered but not entered on the record. Judge Freeman says: "Generally, however, the judicial act precedes the ministerial one, and it becomes necessary to determine what amounts to a rendition of judgment though it may never have been entered. In theory, there is a clear distinction between the fact and the evidence of the fact, but practically it is often difficult or impossible to distinguish between them. So, though it may be recognized that the act of the court is different from the evidence of it, many courts find it hard to distinguish them, and while not insisting on a formal entry, require record evidence to establish the existence or substance of the judgment. * * * Bearing in mind these possible qualifications and limitations, it is doubtless true that the rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication. Any statutory provision on the matter is of course controlling, as where it is required that a written decision be filed. * * * Generally, however, the court's pronouncement may be oral as well as written, as when it is announced from the bench. * * * The failure of the clerk to enter a minute of the judgment so pronounced does not affect the judgment, since the entry is only evidence.'' Freeman on Judgments, Sec. 48. To like effect is Section 106 of Black on Judgments, but the author adds: "There are certain purposes, however, for which a judgment is required to be duly entered before it can become available or be attended by its usual incidents. Thus, * * * this is a prerequisite to the right to appeal. And so a judgment must commonly be docketed before it can create a lien upon land. * * * And again, the record entry of a judg-

ment is indispensable to furnish evidence of it, when it is made the basis of a claim or defense in another court." And further on, in Sec. 115, the same author says that "a much less degree of technicality and formality is required in judgments of justices of the peace and other inferior courts than is exacted in respect to the judgments of courts of record."

Continuing his discussion of the subject, Judge Freeman, in Section 49 of his work, says: "But while the entry is not the judgment, its absence tends strongly to indicate that no judgment exists, and in doubtful cases may be sufficient to sustain the issue that whatever has been done has been but preliminary to judgment." And again: "While in one sense a judgment is 'rendered' when it is announced by a judge, yet until that judgment is entered of record there is no competent evidence of such rendition.  *  *  * The court speaks through its journal and a judgment is not rendered until it is reduced to a journal entry. Slight reflection will show the necessity of this rule. Otherwise doubt and controversy would constantly arise as to what the judgment or order of the court and its date were. But even where such a rule prevails, if the court has previously announced or rendered its decision, the entry may be made nunc pro tunc." This rule was followed in Pittsburg Steel Co. v. Streety, 60 Fla. 183, 53 So. R. 505, wherein this Court said: "A judgment in an action at law is rendered when it is entered or recorded in the minutes of the court during term time or when in vacation it is put in form for such entry or record and is signed by the judge." This case also recognizes the power of the court in proper cases to have judgments entered nunc pro tunc, but holds that an appeal from an unentered judgment taken prior to such nunc pro tunc entry is ineffectual. Of course, where no judgment is in fact pronounced or rendered, at the close of a hearing or trial, the case remains unfinished on

the docket until the judgment is later rendered and entered unless the court has lost jurisdiction of the case. Such a judgment, when entered, is not the entry *nunc pro tunc* of a judgment previously rendered · but not entered of record; it is the entry of a judgment that had not theretofore been rendered—a new and original judgment.

Section 4390, Comp. Gen. Laws, provides that "all final judgments and decrees, heretofore or hereafter rendered and entered in the circuit courts of this State, and certified copies thereof, shall be admissible as prima facie evidence in the several courts of this State of the entry and validity of such judgments and decrees." This statute may have been qualified to some extent by Section 4496, Comp. Gen. Laws, but only in certain respects not here important.

We conclude, therefore, that on appeal from a court of record the appellate court would not be authorized to imply that an adjudication of the defendant's guilt, or a judgment of conviction, had been rendered by the court, when the record merely shows that the judgment entry only imposes punishment or pronounces sentence.

It must be admitted that many courts have held to the contrary. Thus in 16 C. J., page 1302, it is said:

"While it is necessary that the record show that there was a sentence upon the verdict, in the absence of a statutory requirement it is not necessary that the court should, before sentence, find as its independent judgment upon the facts, as a condition of its power to sentence, that accused is guilty. If the court states the finding of the jury and pronounces sentence thereon, this is a judicial determination of the fact of defendant's conviction and is all that is required."

It will be noted that even this statement of the rule contemplates that the judgment entry should "state the find-

ing of the jury" before pronouncing sentence thereon, which was not done in the entry now before us.

Thus, in one of the cases cited to support the text above quoted, the case of Davis v. Utah Terr., 151 U. S. 262, 14 Sup. Ct. R. 328, 38 Law Ed. 153, the judgment, which was held sufficient, after reciting several matters, such as the overruling of motions for new trial, and the asking of the defendant if he had anything to say why sentence should not be pronounced, and answering in the negative, continued: "Whereas you, the said Enoch Davis, having been duly convicted of the crime of murder in the first degree, without any recommendations whatever; it is therefore ordered, adjudged and decreed that you, the said Enoch Davis, be taken hence to the penitentiary," etc.

The form of judgment recommended in Mathis et al. v. State, 67 Fla. 277, 64 So. R. 944, was as follows:

"Now on this day came in person the defendants J. M. and A. C. H. and J. C. McD. with their counsel into open court, and each of them being separately asked by the court whether he or they had anything to say why sentence of the law should not now be pronounced upon him, say nothing. It is therefore the judgment, order and sentence of the court that you J. M. and A. C. H. and J. C. McD. and each of you, *for the crime of which you have been and stand convicted,* be imprisoned in the State penitentiary of the State of Florida for a period of two years from the date of your delivery to the officers thereof." (Italics supplied,)

This form though brief contains an express judicial recognition of the defendant's conviction, and a judgment so worded is, in effect, a judicial determination that the defendant has been duly and lawfully convicted of the crime named or identified by the jury's verdict, though it

might be better for the judgment to specifically set forth the offense by name. Such a judgment of conviction by the court might well be held to necessarily contain within it a judicial adjudication of the guilt of the defendant. But the judgment here in question noticeably failed to measure up to the essentials of even this brief form.

On this subject, Section 99 of Freeman on Judgments, 5th Ed., reads:

"A judgment of conviction may be said to consist of two parts, to-wit: 1. The facts judicially ascertained, together with the manner of ascertaining them, entered of record; 2. The recorded declaration of the court pronouncing the legal consequences of the facts thus judicially ascertained. Both of these parts are equally necessary in the entry of a judgment of conviction. 'In the first part it is usual and proper to set forth in the minutes of the court the title and number of the case, the calling of the case for trial, the appearance of the parties, the plea of the defendant, and 'not guilty' the selection, impaneling, and swearing of the jury, the submission of the evidence, the charge of the court, the return of the verdict, and the finding of the jury. In the second part it should be declared upon the record, in connection with the verdict, in the event of a conviction, that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury, and that the defendant be punished as it has been determined by the jury,—in cases where they have the right to determine the amount, or the duration and place of punishment,— setting forth particularly the amount, or the duration and place of punishment, in accordance with the nature and terms of the punishment prescribed in the verdict'."

In Harris v. State, *supra,* Mr. Justice ELLIS, speaking for the Court, while approving the form suggested in Mathis v. State, said: "There should have been a clear, positive and definite adjudication by the court of the defendant's guilt, followed by the sentence which the law imposes. * * * A judgment in substance should show directly and inferentially the judicial character of the act, the nature and scope of the adjudication and its application to the controversy before the court." And in Gordon v. State, *supra,* this Court, speaking through Mr. Justice WHITFIELD, said:

"In a prosecution for a second offense where the second conviction virtually raises a misdemeanor to the grade of a felony, which is to result in incarcerating the accused in the penitentiary for a period of from two to five years, and where such second conviction is made absolutely dependent on a former one, a decent regard for the rights and liberty of the accused, however humble his station in life, ought to, and does, require that nothing less than a judgment of conviction, plainly setting forth the former offense, and adjudging the accused guilty thereof, will suffice as a basis for the second prosecution."

We see no good reason therefore for departing from our former holding. on this point. The mere verdict of the jury, while it may be in certain cases evidence sufficient to sustain a plea of former jeopardy when on a second prosecution for the same offense former jeopardy is properly pleaded, does not become effective without the judgment of the court. If it be unsupported by, or contrary to, the evidence, the court has the power to set it aside. Standing alone, it is not on appeal at least, evidence of a legally effective conviction of crime, nor is it so considered even under a plea of *autre fois* convict, according to the holdings of

some courts.  9 Encyc. Pldg. & Prac., 635; 16 C. J. 257.
Even in civil action at law, it is customary, and perhaps
essential, for judgment .entries, after reciting the submis-
sion of the issues to the jury and their verdict thereon, to
include a judgment of the court, in some such words as:
''It is therefore considered, ordered and adjudged by the
court that the plaintiff do have and recover of and from
the defendant the sum of ——— dollars,'' and the costs.
Freeman on Judgments, 5th Ed., Sec. 68.  It would hardly
be deemed sufficient, even in a civil case, if the judgment
entry merely recited the verdict and ordered that execution
issue for the amount thereof, together with the costs. While
we have by statute taken away from the trial judge some
of the powers which he possessed at common law, he is yet
something more than mere umpire at a game of skill be-
tween opposting teams of lawyers, or the mere instrument
to record the verdict of the jury on the issues of fact and
impose a sentence thereon.  After all'is said and done, and
due weight accorded to the functions of the jury, the latter
is merely an arm of the court, and the court speaks only
through its presiding judge. It is the judgment of the court
adopting the findings of the jury which breathes life and
effectiveness into the jury's verdict.  So it is no inconse-
quental matter that the journal of minutes of the court in
a criminal proceeding should contain, in addition to the
verdict and sentence, language of some sort showing an
adjudication by the court of the defendant's guilt, as one
of the essential elements of an effective judgment of con-
viction.  To hold otherwise would to our minds belittle
the function of the court.

Of course, the judgment of the court on the question of
the guilt of the defendant need not be expressed in any
particular set form of words (Freeman, Jdgmnts., Sec. 69),
but surely it should not be entirely omitted.  We conclude

therefore that the circuit court was in error in affirming such alleged judgment. No complete and effective judgment having been redered by the court of crimes, the case, in legal effect, remained undisposed of on the docket of that court, and the circuit court might well have remanded the case to the court of crimes for the entry of a proper judgment.

While the defect in the judgment was not assigned as error when the case was brought before the circuit court on writ of error, we have frequently held that where a fundamental error appears on the record, the appellate court may, and sometimes should, consider it and take appropriate action thereon, even when not assigned. Those errors which in this case were assigned, we agree with the circuit court, were without merit. But the judgment, being fatally defective on its face, should not have been affirmed.

The usual final order on certiorari is either to quash the writ or to quash the judgment reviewed on the writ. First Nat'l Bank v. Gibbs, 78 Fla. 118, 82 So. R. 618; Am. Ry. Exp. Co. v. Weatherford, 86 Fla. 626, 98 So. R. 820; 4 Ency. Pldg. & Prac. 301.

This matter being before us on writ of certiorari, the judgment of the circuit court, as it stands, must be quashed, but with leave to that court to remand the cause to the court of crimes for the entry of a proper judgment.

And it is so ordered.

Judgment quashed, and cause remanded.

STRUM AND BUFORD, J. J., concur.

ELLIS, J., concurs specially.

TERRELL, C. J., AND WHITFIELD, J., dissent.

Ellis, J., concurring:

There is only one question presented by the record in this case and that is the sufficiency of the judgment as pronounced against the defendant by the court of crimes of Hillsborough County in which he was tried. A writ of error was taken from the circuit court to that judgment and the judgment was affirmed, thereupon the accused came here by writ of certiorari contending that the judgment entered by the court of crimes was ineffective because it did not adjudicate the guilt of the accused, therefore the circuit court did not proceed in accordance with the essential requirements of the law in affirming the judgment. It follows that if such contention is sound, the circuit court should have remanded the case for a proper judgment.

The facts are as follows. Ellis and two others were informed against by the solicitor for the County of Hillsborough on the criminal charge of unlawfully transporting alcoholic and intoxicating liquors from one point in the county to another. Ellis pleaded not guilty. The information in the second count charged the three persons with unlawfully having in "*his*" possession intoxicating beverages. After the plea of not guilty by Ellis the information was amended without leave of court by substituting the word "*their*" in place of the word "*his*," so that the information thereafter read "did unlawfully have in *their* possession" instead of "did unlawfully have in *his* possession." The amendment did not affect the substance of the offense charged. There was, therefore, no need to plead to it as amended nor indeed did Ellis ask permission to do so but went to trial upon his plea of not guilty.

The verdict rendered was as follows:

"3/30/1928.

"We the jury find the defendant J. H. Ellis, guilty as charged in the second count of the information, so say we all.

H. E. Burchard."

Motions for a new trial and in arrest of judgment were overruled and the court entered the following judgment:

"April 7, 1928.
"It is the judgment of the court and the sentence of the law, that you J. H. Ellis, pay a fine of $300 and in default of payment of said fine you will be confined in the county jail for a period of (3) months.
"W. MARION HENDRY,
"Judge Court of Crimes."

That judgment is attacked as invalid on the ground that the judge of the court of crimes did not in the judgment entered "adjudicate" the convicted man to be "guilty" of the offense with which he was accused, tried and convicted.

In the case of Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. R. 290, no judgment of the county judge's court, where the case was originally tried, appeared in the record. It was held that the judgment of affirmance by the circuit court was invalid and was quashed.

In Lovett v. State, 29 Fla. 356, 11 So. R. 172, the point was not involved. The judgment of conviction was reversed because the record proper showed the "plaintiff in error has been tried and found guilty of murder without being personally present at the trial."

In Mattair v. Furchgott, 44 Fla. 620, 32 So. R. 925, the order appealed from did not appear in the record so the appeal was dismissed on authority of Jacksonville, T. & K. W. Ry Co. v. Boy, *supra.*

The Attorney General states in the brief filed in behalf of the State that it "must be conceded that the record does not show a valid judgment," and cites Maniscalco v. State, 98 Fla. 468, 123 So. R. 922; Tootle v. State, 98 Fla. 469, 123 So. R. 922; Kuhn v. State, 98 Fla. 206, 123 So. R. 755.

In the case of Smith v. State, 75 Fla. 468, 78 So. R. 530, the indictment sought to charge Smith with the offense of unlawfully selling intoxicating liquors. The first offense was charged in the following language: "that the said J. J. Smith had theretofore prior to said sale pleaded guilty in the County Judge's Court of Jackson County, Florida, of the like offense." Under the statutes as they then existed the sale of intoxicating liquor in a county which, under the provisions of Article XIX, Constitution, had voted against such sale, was a misdemeanor, but the sale in such a county "having been before convicted of the like offense" was denounced as a felony. The Court held in the indictment insufficient as charging a second offense. The opinion discussed the meaning of the word "conviction" as used in the statute and points out that as commonly used describes the effect of the guilt of the accused as judicially proved, but where pleaded or given in evidence in another case it sometimes is used in a more comprehensive sense including the judgment of the court. The conclusion was that the indictment did not charge a former "conviction."

In the case of Pensacola Lodge No. 497, B. P. O. E., v. State, 74 Fla. 498, 77 So. R. 613, this Court said, where a plea of *"nolo contendere* is accepted it is not necessary in passing sentence for the court to adjudge the party to be guilty, for that follows as a legal inference from the implied confession in the plea; but the court should adjudge that the defendant is convicted of the offense charged, and the sentence which follows should impose the penalty as provided by law." The purported judgment in that case merely recited that the defendant had entered a plea of *nolo contendere* which was followed by the words "it is considered by the court that the defendant do forfeit and pay," etc. The Court held that such a judgment was not an "adjudication of conviction."

In the Maniscalco, Kuhn and Toole cases, *supra,* the judgment entered was in the same words as the first few words of the judgment in the present case, viz: ''It is the judgment of the court and sentence of the law, that you,'' etc. In both cases there was a trial by jury and conviction. The offense charged in each case was felony.

The Court has thus definitely decided that such a form of judgment is invalid. There can be no distinction in such matters between a case of misdemeanor and a felony. They are each criminal offenses and liberty of the accused is as much involved in one as the other. I think, therefore, that the position of the Attorney General is, therefore, correct and is fully justified by the cases cited. I, therefore, agree to the conclusion that the judgment of affirmance should be quashed. The trial court has the power to enter a correct judgment. Pittsburg Steel Co. v. Streety, 60 Fla. 183, 53 So. R. 505.

The opinion prepared by Commissioner Andrews is most persuasive but in view of the former decisions of this Court I am constrained to hold that the judgment was invalid.