F. G. CRAIG v. R. H. NOEL, Chief of Police, St. Petersburg.

152 So. 185.

Division A.

Opinion Filed October 30, 1933.

*Zewadski & Pierce,* for Plaintiff in Error;

*Lewis T. Wray,* for Defendant in Error.

DAVIS, C. J.—This was a habeas corpus case brought for the purpose of inquiring into the legality of the detention of one F. G. Craig, under a purported commitment issued by the Municipal Court of St. Petersburg. The contention on writ of error is that the judgment of the Circuit Court is erroneous, in that by such judgment the prisoner was remanded to the custody from which he came to continue to serve his sentence, instead of to custody of the respondent to be produced by him before the Municipal Court for entry of a proper judgment adjudicating defendant's guilt as the basis for a sentence of the kind imposed.

We find that the entry in the Municipal Court's records relied on to constitute a "conviction" is as follows:

*"Municipal Court, City of St. Petersburg,*
*Pinellas County, Florida.*

City of St. Petersburg,

vs.

F. G. Craig.

It is the opinion of this Court that the defendant, Craig, was under arrest before search of his person was made by officers Lipphard and King; that officer Lipphard's telling the defendant that he was an officer of the law, and request-

ing him (Craig) to go with him (Lipphard) to another part of the building, constituted an arrest, and that therefore said search was thus made after the arrest; that no search warrant was necessary to entitle the officer to search his person after arrest. It is further the opinion of this Court, based on the record in this case, that officer Lipphard had probable cause and/or reasonable ground to believe and did believe that the defendant Craig had been, was then, and about to commit felonies in that he was carrying on his person said weather and/or lottery or bolita tickets; that the arrest and search fully justifies the officers belief; that the officer was, and acted reasonable in his effort to prevent the violations of the law, and to safeguard the welfare of his community; that the weather and/or lottery tickets found on the person of the defendant, one of which is filed with the evidence of this case, constitutes lottery and/or gambling devices as described by the City ordinance of the City of St. Petersburg for such cases made and provided. It is therefore the opinion of this Court that the defendant Craig is guilty and has been proven guilty of the charge as stated in the affidavit before this Court, and the Court therefor finds the defendant guilty as charged in the affidavit, and fixes his penalty at a fine of $200. and an imprisonment of 60 days in the City jail of the City of St. Petersburg, and further provides that should the defendant fail or refuse to pay fine, that he shall be imprisoned an additional 90 days in lieu of said fine. It is further provided that should the $200. fine be paid, the 60 day jail sentence will be suspended during good behavior of the defendant; that is, a strict observance of the ordinances of the City of St. Petersburg. Done in open Court this 13th day of October, A. D. 1932.

(Signed) Edgar H. Dunn,
*Judge of the Municipal Court."*

Such entry amounts to no more than the recordation of a verdict of guilty followed by the imposition of a sentence to fine and imprisonment, without any specific *adjudication* of guilt as required by law. See Ellis v. State, 100 Fla. 27, 129 Sou. Rep. 106, 69 A. L. R. 783; Caughn v. State, 98 Fla. 185, 122 Sou. Rep. 565; Burns v. State, 97 Fla. 232, 120 Sou. Rep. 360; Ingram v. State, decided at the present term.

For the error found the judgment must be reversed and the cause remanded with directions that a judgment be entered remanding the prisoner to the custody of the Chief of Police to be by said Chief of Police produced before the Municipal Court of St. Petersburg for the entry of a lawful judgment of conviction and the imposition of an appropriate sentence in accordance with law.

Reversed with directions.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.