QUESTIONS: 1. What permanent books and dockets is a county court clerk required to keep with respect to civil proceedings and criminal proceedings? 2. Where should judgments and orders of dismissal be recorded in civil court proceedings of less than fifteen hundred dollars, more than fifteen hundred dollars, and in criminal court proceedings? 3. Do the provisions of s. 34.041, F. S., respecting service charges, apply to both civil and criminal proceedings? 4. Where will the county court clerk find authority to make a service charge for various matters connected with criminal proceedings, such as searching the record, making certified copies or transcripts of the record, and reporting the jury and witness payrolls?
SUMMARY: Under s. 28.211, F.S., the county court clerk is required to keep a progress docket and an alphabetical index of all civil and criminal proceedings. In addition, in civil proceedings covered by the Rules of Summary Procedure (fifteen hundred dollars or less), he is required by RSP 7.040 to keep a trial calendar and a docket and judgment book or books. The clerk is not required to keep the court's minute book in civil proceedings; but, in criminal proceedings, he should keep a journal or minute book in which to enter steps in the criminal proceedings, including the jury's verdict and the court's adjudication of guilt. Orders of dismissal and final judgments in civil actions (except those entered in actions tried under the Rules of Summary Procedure) should be recorded in the Official Records of the county. In summary proceedings, they are recorded in the judgment book; and in criminal proceedings, the verdict and judgment are recorded in the court's journal or minute book. The county court clerk is entitled to the service charges prescribed by ss. 28.24 and 28.241(3), F.S., in matters connected with criminal proceedings, such as searching the record, making certified copies or transcripts of the record, and reporting to the comptroller the payrolls of jurors and grand jury witnesses. AS TO QUESTION 1: Prior to the adoption of the new two-tier judicial system at the trial-court level by revised Article V, State Const., the circuit court clerk (or the clerk of a criminal court of record in those counties having such a court) was required by s. 34.04, F.S., to serve as clerk of the county court and to keep for each county court minute books, bench dockets, bar and motion dockets, and judgment and execution dockets,
which shall be kept in the same manner as such dockets are kept for the circuit courts. Section 34.06, F.S. However, in revising the statutes relating to the judiciary to conform to the new system, the legislature repealed these statutes, see Ch. 72-404, Laws of Florida; and, presumably, the legislature intends that the circuit court clerk, in carrying out his duties as county court clerk, should keep the same permanent books and dockets that he is required by law to keep as circuit court clerk under s. 28.211, F.S. This statute requires the clerk to keep a progress docket in which he shall note the filing of each pleading, motion, or other paper and any step taken by him in connection with each action, appeal, or other proceeding before the court. The clerk may keep separate progress dockets for civil and criminal matters. The clerk shall keep an alphabetical index, direct and inverse, for the docket. Section 28.211, supra, obviously requires progress dockets to be kept in both civil and criminal proceedings. However, actions at law of fifteen hundred dollars or less are covered by the Rules of Summary Procedures; and under RSP 7.040, the county court clerk is required to maintain a trial calendar, as well as a docket book in which "accurate entries" and "notations of the proceedings" are to be made, including the several matters specifically designated in the rule. He is also required to maintain a judgment book and an alphabetical index by parties' names with reference to action and case number but is not required to keep a minute book. Nor is the circuit court clerk — and, by analogy, the county court clerk — required to keep minutes of court proceedings in civil actions of more than fifteen hundred dollars. Section 28.212, F.S., (adopted in 1972 by Ch. 72-320, Laws of Florida) provides that The clerk may keep minutes of court proceedings. The action of the court shall be noted in the minutes, but orders and judgments shall not be recorded in the minutes. (Emphasis supplied.) This section must, however, be read in the light of s. 28.29, F.S., which was amended by Ch. 72-320, supra, at the same time that s. 28.212 was adopted. Section 28.29
provides that Orders of dismissal and final judgments of the courts in civil actions shall be recorded in official records. . . . The certified copy of a judgment, required under s. 55.10 to become a lien on real property, shall be recorded only when presented for recording with the statutory service charge. (Emphasis supplied.) It might be noted also that s. 28.212, supra, was apparently adopted by the legislature in response to the opinion of this office in AGO 072-47, dated February 15, 1972, recommending that, pending legislative clarification, the clerk should continue to keep a minute book in civil proceedings and record therein the orders of dismissal and final judgments entered in such proceedings. When interpreted in the light of its history, it seems clear that s. 28.212, supra, was not intended to apply to the minutes of the clerk with respect to criminal proceedings. Unlike civil proceedings, many of the steps in the prosecution of a criminal charge are reflected only in the journal or minutes of the court. As noted in Ellis v. State, 129 So. 106, 110 (Fla. 1930), such matters as the calling of the cases for trial, the appearances of the parties, the plea of the defendant, and if "not guilty" the selection, impaneling, and swearing of the jury, the return of the verdict, and the finding of the jury, are steps in the proceedings which should be noted in the minutes of the court. See also Rule 3.440, GPR, requiring the verdict in a criminal cause "to be entered of record." In addition to the verdict and sentence, the journal or minutes of the court should also contain "language of some sort, showing an adjudication by the court of the defendant's guilt, as one of the essential elements of an effective judgment of conviction." Ellis v. State, supra. And I have the view that the clerk should continue to follow the established practice with respect to the court's minutes in connection with criminal proceedings. AS TO QUESTION 2: Under the express directive of s. 28.29, supra, orders of dismissal and final judgments of the courts in civil actions (except those tried under Summary Procedure Rules) must be recorded in "official records." This was apparently intended to mean the one general series of books called "Official Records" in which a circuit court clerk, as county recorder, is required by s. 28.222, F.S., to file all instruments that are required or authorized by law to be recorded in the county where he is clerk; and s. 28.29 has uniformly been so interpreted by the clerks as to circuit court judgments. However, I am advised by the state court administrator's office (which has just completed a survey of the practice in this respect) that the procedure with respect to county court judgments varies in the different counties. Some county court clerks routinely record county court judgments in the Official Records. Others keep a record of such a judgment in the county court file or minutes of the judicial proceeding in which it was entered, and it is only when a judgment creditor or his attorney requests a certified copy of the judgment that it is recorded in the Official Records of the county. It seems clear, however, that in repealing s. 34.06, supra — which required the county court clerk to keep judgment and execution dockets as well as minute books and other records — the legislature must have intended also to require the county court clerks to follow the same procedure with respect to recording county court judgments in civil actions as in recording circuit court judgments. Thus, pending legislative or judicial clarification, it is suggested that county court judgments entered in civil proceedings (except those tried under the Rules of Summary Procedure) be filed in the Official Records of the county as a part of the judicial proceedings. (As in the case of circuit court judgments, the judgment will not become a lien upon the judgment debtor's property in the county unless and until a certified copy of the judgment is recorded in the same records and the recording fee paid. Section 55.10, F.S.) Judgments in actions tried under the Summary Procedure Rules should be recorded in the judgment book (which may be the same book as the docket book), as required by RSP 7.040, supra. However, the statute requiring orders of dismissal and final judgments to be filed in the Official Records, s. 28.29, supra, relates only to civil actions; and there is nothing to suggest that judgments in criminal actions should be recorded in the Official Records of the county. I have the view, therefore, that the court's judgment, like the jury's verdict, should be entered on the court's own records and not in the Official Records of the county. AS TO QUESTION 3: The filing fees prescribed by s. 34.041(1), F.S., specifically apply to "any civil action or proceeding in county court." And subsection (3) of s. 34.041 provides that the provisions of s. 28.241(2), supra, "shall not apply to criminal proceedings in county court." However, insofar as the county court clerk may perform services which, if performed by a circuit court clerk, would be within the purview of ss. 28.24 and 28.241, even though performed in connection with a criminal proceeding, the service charges therein prescribed would be applicable under the provision of s. 34.041
that "[e]xcept as provided herein, service charges for performing duties of the clerk relating to the county court shall be as provided in ss. 28.24 and 28.241." AS TO QUESTION 4: Authority for making a service charge for matters connected with criminal proceedings must be found in ss. 28.24 and 28.241, supra. Under the express mandate of s. 34.041(3), supra, there is no filing fee for criminal proceedings instituted in a county court. However, the service charge prescribed by s. 28.24(26) for searching records (one dollar for each year's search) is applicable to searching criminal records and indexes, AGO 071-141. See also subsections (6) and (23) of s. 28.24, id., authorizing a service charge for the circuit court clerk in making and reporting payrolls of jurors and grand jury witnesses to the state comptroller, as required by s. 40.34, id. (Section 142.05, id., provides that the clerk is not entitled to a fee for performing his duties respecting witnesses whose fees are paid from the fine and forfeiture fund of the county.) Under s. 34.041, the county court clerk is entitled to a service charge in appellate proceedings "as provided in chapter 28." This would, presumably, include the service charges provided in ss. 28.24 and 28.241(3) for services in connection with appellate proceedings in criminal as well as civil cases. Cf. AGO 055-203, ruling that the amendment to s. 28.24 made by Ch. 29749, 1955, Laws of Florida, did not supersede or repeal the provisions of s. 34.041 insofar as the clerk's fees in criminal cases in county courts were concerned.