STATE, *ex rel.* JOHN SPITZER, v. NATHAN MAYO, as Custodian of State Prison.

176 So. 434.

Division A.

Opinion Filed October 14, 1937.

*Edwin L. Bryan,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus. Petitioner was informed against in the Criminal Court of Record of Hillsborough County under four informations each charging a robbery when armed with a dangerous weapon and with the intent to then and there, if resisted, kill or maim the person robbed.

To each information the petitioner pleaded guilty and was sentenced under each plea to serve life imprisonment in the State Prison.

His contention now is that at the time he was informed against it was assumed that Chapter 12246, Acts of 1927, was valid and that the information was filed under the provisions of that Act and that as that Act was held to be void because not enacted in accordance with Article III, Section 17, of the Constitution, the entire proceedings against the petitioner were void and of no effect.

It is true that Chapter 12246, Acts of 1927, was held to be void because it was never enacted as required by the Constitution. Wood, *et al.,* v. State, 98 Fla. 703, 124 Sou. 44. It, therefore, follows that the purported enactment

had no force and effect whatever and Section 5055 R. G. S. 1920 remained in full force and effect.

The informations under attack here sufficiently charge the offense attempted to be charged under the provisions of Section 5055 R. G. S. 1920 and the prosecution in law, regardless of what the intent of those conducting it may have been, was a prosecution under the valid existing statute.

The petitioner, however, raises the further contention that there was no judgment of conviction entered against the defendant upon which to base any sentence. This contention the record shows to be correct. Therefore, the sentence imposed was not only void because it was unauthorized under the provisions of Section 5055 R. G. S., but was also not based upon a judgment of conviction.

It, therefore, follows that petitioner must be ordered delivered by the respondent to the Sheriff of Hillsborough County to be there presented at the next general or special term of the Court having jurisdiction to enter judgment against the defendant upon his plea of guilty, there to receive the judgment and sentence of the Court. State, *ex rel.* House, v. Mayo, 122 Fla. 23, 164 Sou. 673, and cases there cited.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.