FRANK FINCH v. HON. NATHAN MAYO

189 Sou. 27

Division A.

Opinion Filed May 19, 1939.

*Frank Finch, in pro per,* for Petition;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus.

The record shows that petitioner was tried and by a jury found guilty on the first count of an information charging the offense of breaking and entering a dwelling house with intent to commit a felony.

The record further shows that the court imposed sentence in the following language:

"It is the judgment of the court and the sentence of the law that you Frank Finch be taken by the Sheriff, or his lawful deputy, to the State's prison of the State of Florida and delivered to the principal keeper thereof, and there to be confined in said State's prison at hard labor for a period of (15) fifteen years from date of your incarceration therein."

There was no judgment of conviction.

The verdict is adequate to support a judgment of conviction but there must *be* a judgment of conviction to support a sentence. See *Ex parte* Ferris, 111 Fla. 584, 149 Sou. 580; Anderson v. Chapman, 109 Fla. 54, 146 Sou. 675; State *ex rel* v. Mayo, 129 Fla. 428, 176 Sou. 434; Lewis v. Mayo, 127 Fla. 488, 173 Sou. 346.

Petitioner also shows that he began his service of sentence in the State Prison in April, 1928; that after serving thirteen days he was committed to the Florida State Hospital for the Insane and was confined there until August 2nd, 1934, when he was returned to the State Prison Farm where he has continued to serve his sentence. These facts are admitted. Petitioner claims credit for the time he was confined in the State Hospital while the State contests that claim and contends that the time he spent in the Hospital cannot be counted as time served under sentence.

Section 1 of Chapter 18065, Acts of 1937, amended Section 6231 R. G. S., 8567 C. G. L., to read, in part, as follows:

"The Commissioner of Agriculture shall keep a record of the conduct of each prisoner. Commutation of time for good conduct shall be granted by the Board of Commissioners of State Institutions, and the following deductions shall be made from the term or terms of sentences when no charge of misconduct has been sustained against a prisoner, viz: Five days per month off the first and second years of the sentence; ten days per month off the third and fourth years of the sentence; fifteen days per month off the fifth year and all succeeding years of the sentence. A prisoner under two or more cumulative sentences shall be allowed commutation as if they were all one sentence. For each sustained charge of escape or attempted escape, mutinous conduct or other serious misconduct, all the commutation which shall have accrued in favor of the prisoner up to that day shall be forfeited, unless in case of escape the prisoner voluntarily returns without expense to the State, such forfeiture may be set aside by the Board of Commissioners of State Institutions if in their judgment his subsequent conduct entitles him thereo."

Petitioner attaches to his brief a letter from J. H. Ther-

rell, Superintendent of the Florida State Hospital under date of April 26, 1939, as follows:

"Replying to your letter of April 24th,. you are advised our records show you were regularly committed to this institution in 1928, 1934 and 1935, through the Courts, and your status, if you have not had your sanity legally restored, is that of a person judicially insane.

"Your record also reveals. that you escaped from the Florida State Hospital twice while you were here,—on May 24, 1931, and on April 16, 1932."

We, therefore, take it that the petitioner vouches for the correctness of the information contained in this letter. So, under the provisions of the statute, the petitioner did not begin to make gain time which may now be counted after April 16, 1932. And so, at most, he would be entitled to 120 days gain time in 24 months next succeeding his return to prison after his escape April 16, 1932, which at earliest would be April 16, 1934. He would be entitled to ten days a month for the succeeding 24 months ending April 16, 1936, which would be 240 days, and he would be entitled to 15 days per month from April 16, 1936, for each month to the date of the filing of his petition on March 2, 1939, being 520 days, or a total of 880 days, or 2 years and 5 months. It, therefore, appears that it is not necessary for us to determine whether or not the petitioner is entitled to have credit on his service of sentence for the time during which he was confined in the State Hospital.

There is no showing here that the petitioner voluntarily returned to imprisonment on the occasion of his escapes without expense to the State. Neither is there any showing here that the forfeiture of gain time has been set aside by the Board of Commissioners of State institutions.

It, therefore, does not appear that the petitioner is entitled to his discharge because of the accruing of gain time

in his favor. So the petitioner is remanded to the custody of the Respondent to be by the Respondent forthwith returned to the Sheriff of Hillsborough County and by the said Sheriff to be presented to the Criminal Court of Record of Hillsborough County at the earliest opportunity for entry of proper judgment and sentence on the verdict rendered.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.