STURGIS, Chief Judge.
The state appeals from an order of the Criminal Court of Record of Duval County, entered in case No. 20161 according to the serial numbering system employed by that court, quashing an information in a criminal prosecution, the material parts of *608 which charged that the appellee, Frank Brock, defendant below,
“ * * * of the County of Duval and State of Florida, on the seventh day of December in the year of our Lord, one thousand nine hundred and fifty-six in the County and State aforesaid, did corruptly offer R. N. Miller, then acting in his official capacity as Road Patrolman under the authority of the Sheriff of Duval County, as known to the defendant Frank Brock, a sum of money, to-wit: Five Hundred Dollars ($500.00), for the purpose of causing the said R. N. Miller, to unlawfully release the said Frank Brock from arrest as was the public duty of said R. N. Miller, to then and there arrest the said Frank Brock for the commission of a felony under the Laws of the State of Florida.”
Defendant moved to quash the information on the following grounds, in substance, (1) that it fails to set forth a charge under any statute,' (2) that it fails to allege that a crime had been committed by the defendant prior to the alleged attempt to bribe, (3) that the alleged offer to bribe relates to an offense not yet committed, but presumably in contemplation, so that there was no matter, question, cause, or proceeding then pending concerning which the act, vote, opinion, decision, or judgment of the officer could be influenced, and (4) that the information fails to show the offense, if any, for which the said officers were about to or did arrest the defendant. The motion was granted and we are called on to determine whether that action was correct.
When the State’s assignments of error came to the attention of the trial judge, he voluntarily filed under his hand a paper entitled “Statement for the Record” explaining the circumstances leading up to the entry of the order in question. He recites therein that at the hearing on the motion to quash he requested the attorneys for the prosecution to identify the statute upon which the information was based, and in response was advised that none had been found; that the prosecution, without citing case law or other authority in support of its position, simply advised that it was relying on the sufficiency of the information under the common law; that the court, before acting on the motion to quash, invited the attention of the prosecution to F.S. § 775.01, F.S.A.[1] and to the case of State ex rel. Williams v. Coleman, 131 Fla. 892, 180 So. 357.[2] The trial judge goes on to recite that under these circumstances he was not called on to decide whether the information stated a cause of action under the Florida Statutes; that he only held that F.S. § 838.01, F.S.A.[3] — with which we are not concerned on this appeal — abrogated the common law in respect to bribery and attempted bribery; and that he made no mention, finding, or ruling on the matter set forth in certain of appellant’s assignments of error. He concluded the statement by expressing an opinion that all of the assignments of error except those numbered one and two are frivolous.
*609 The appellant does not contest the trial judge’s statement in any particular and, except as to his expression of an opinion regarding the bona tides of certain assignments of error — a matter which this court alone should determine from the record on appeal and presentation of the parties — , it is accepted as correct in every respect. In all candor we must observe, however, that while a statement of the nature filed herein may explain why an error is committed, it cannot erase error or have any weight in determining the issues of law presented by the appeal, our sole inquiry being: Did the information state a crime under the laws of Florida?
F.S. § 838.011, F.S.A., which was in force on the date the information was filed and which obviously was not brought to the attention of or considered by the trial judge, provides:
“Any person who shall corruptly give, offer or promise to any public officer, agent, servant or employee, after the election or appointment or employment of such public officer, agent, servant or employee and either before or after he shall have been qualified or shall take his seat, any commission, gift, gratuity, money, property or other valuable thing, or to do any act beneficial to such public officer, agent, servant or employee or another, with the intent or purpose to influence the act, vote, opinion, decision, judgment or behavior of such public officer, agent, servant or employee on any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity, or with the intent or purpose to influence any act or omission relating to any public duty of such public officer, agent, servant or employee, or with the intent or purpose to cause or induce such public officer, agent, servant or employee to use or exert or to procure the use or exertion of any influence upon or with any other public officer, agent, servant or employee in relation to any matter, question, cause or proceeding that may be pending or may by law be brought before such other public officer, agent, employee or servant, shall be guilty of the crime of bribery.”
Appellant maintains that the information tracks the statute by clearly alleging: (1) the date of the alleged acts; (2) the official capacity of the intended recipients; (3) that the accused had knowledge of their official capacity; (4) the value of the thing offered as a bribe; and (5) the general nature of the subject of the attempted bribery. Appellee insists that the information was fatally defective in that it did not detail the facts constituting the crime for which the accused was arrested, but merely stated that the accused was under arrest for the “commission of a felony under the Laws of the State of Florida.” No authority is cited for this proposition and our research fails to disclose any.
It is of no consequence what was in the mind of the person who drafted the information if it was sufficient to make out a crime. State ex rel. Spitzer v. Mayo, 129 Fla. 426, 176 So. 434. The existence of a valid statute clearly sustains the sufficiency of the information, notwithstanding the intent of the framers of the informations or the impressions of the trial judge. Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92,42 L.Ed. 509.
In Streeter v. State, 89 Fla. 400, 104 So. 858, defendant was charged with attempting to bribe a police officer on condition that he not arrest a party for violation of the liquor law. It was there, held that while the information might have been so drawn as to contain greater detail as to the elements constituting the offense charged and more particularly described the offense for which immunity from arrest was sought, a broad and liberal construction should be given to the words used and that under such construction the information was adequate.
*610 The word “felony” as used in the information forming the subject of this appeal has such a well-accepted meaning that there can be no question of its adequacy to fairly apprise the defendant of the nature of the crime with which he was charged under the provisions of F.S. § 838.011, F.S .A. Discovery processes are available to persons charged with crime by which they may obtain such details dehors the information or indictment as are proper and necessary to their defense.
The order quashing the information is vacated and the cause remanded for further proceedings consistent herewith.
CARROLL, DONALD, and WIGGIN-TON, JJ., concur.

. F.S. § 775.01, F.S.A. provides:
“The common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this state where there is no existing provision by statute on the' subject.”

. State ex rel. Williams v. Coleman simply held that the crime of bribery has been changed by statute and that the information must comply therewith.

. F.S. § 838.01, F.S.A. provides:
“Whoever corruptly gives, offers or promises to any executive, legislative or judicial officer, state, coimty, or municipal officer, official or employee of the same, after his election or appointment, either before or after he is qualified, or has taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment on any matter, question, cause or proceeding which may be then pending, or which may by law come or be brought before him in his official capacity, shall be punished by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding three thousand dollars.”