TILLMAN PEARSON, Judge.
The appellant was informed against, tried before a jury and convicted of a crime of bribery as set forth in § 838.011, Fla.Stat. 1963, F.S.A.[1] This appeal is from the judg *713 ment and sentence entered pursuant to the jury verdict.
The appellant questions the sufficiency of the evidence to support the judgment. The facts necessary for a decision are'as follows: The appellant was a businessman against whom numerous complaints had been received by the Better Business Division of the Miami Chamber of Commerce, the Better Business Bureau of Greater Miami, the State Attorney’s office, and the City of Miami. A deputy sheriff was assigned to investigate these complaints, but no criminal proceeding was initiated. In the process of his investigation, the deputy sheriff compiled a list of 25 complainers. He went to the appellant and discussed with him one or more of these complaints and informed appellant that he had a list of 25 complainers. The appellant asked for a copy of the list and was told by the deputy sheriff that he could only receive-one by authority of the State Attorney. Appellant offered to purchase the list, and subsequently, after the deputy had revealed the identity and address- of one of the persons on the list, the appellant paid $50 for a- copy of the list of complainers. Thus, the question presented is whether or not the purchase of a copy of the list constituted the crime of bribery.
The elements of the offense of bribery have been generally set forth as: (1) knowledge on the part of the accused of the official capacity of the person to whom the bribe is offered; (2) the offering of a thing of value, and (3) the intent to influence the official action of the person to whom the bribe is offered.[2] Brunson v. State, 70 Fla. 387, 70 So. 390 (1915); Colson v. State, 71 Fla. 267, 71 So. 277 (1916).
Iii connection with the third element listed above, it should be noted that the language of the statute requires an intent or purpose to influence “on any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity, or with the intent or purpose to influence any act or omission relating to any public duty of such” official. There would appear to be no rational relationship between the duties imposed by law upon the deputy sheriff to investigate the appellant and the sale of a copy of a list of names to the appellant. It is suggested by the State that there might have been some ominous purpose in the mind of the appellant, but the only purpose suggested at the trial was that he might wish to make restitution. Certainly restitution is a proper and worthwhile endeavor which has no legal effect upon the possible criminal charges which may or may not have grown out of the investigation. We therefore conclude that while the sale of the list could under some circumstances be reprehensible and even a violation of law by the officer,[3] there is nothing in this record to show that the purchase of the list was a violation of law by the appellant.
Having reached the determination that the evidence does not support the judgment, we do not consider the other points raised by the appellant. The judgment and sentence are reversed with directions to discharge the defendant from the cause.
Reversed.

. “BRIBERY. Any person'who shall corruptly give, offer or promise to any pub-lie officer, agent, servant or employee, after the election or appointment or employment of such public officer, agent, servant or employee and either before or after he shall have been qualified or shall take his seat, any commission, gift, gratuity, money, property or other valuable thing, or to do any act beneficial to such public officer, agent, servant or employee or another, with the intent or purpose to influence the act, vote, opinion, decision, judgment or behavior of such public officer, agent, servant or employee on any matter, question, cause or proceeding which may be pending or may by lato be brought before him in his public capacity, or with the intent or purpose to influence any act or omission relating to any public duty of such public officer, agent, servant or employee, or with the intent of purpose to cause or induce such public officer, agent, servant or employee to use or exert or to procure the use or exertion of any influence upon or with any other public officer, agent, servant or employee in relation to any matter, question, cause or proceeding that may be pending or may *713 by law be brought before such other public officer, agent, employee or servant, shall he guilty of the crime of bribery.” [Emphasis supplied]

. The cases cited were decided upon section 3476, General Statutes of Florida, which has been brought forward into our present laws, -with minor changes, as section 838.01, Fla.Stat.1963, F.S.A. Even though there are apparent differences between tlie two laws, the facts in this case do not require a deviation from the enumerated elements. Compare, State v. Brock, Fla.App.1958, 106 So.2d 607; Troupe v. State, Fla.App.1961, 130 So.2d 91.

. In the instant case, the deputy sheriff acted under direction of the State Attorney’s office in accepting the proffered payment.