REED, Judge.
The appellant, defendant below, John Leon Gazda, was charged by an information filed in the Criminal Court of Record for Palm Beach County, Florida, with robbery allegedly committed on 2 November 1963. On 28 July 1964 Mr. Gazda appeared before the court with privately retained counsel and pled guilty to the lesser included offense of grand larceny. The plea of guilty was accepted by the trial court which entered an order as follows:
“It is the Order of the Court that Adjudication and Sentence be withheld and a Pre-Sentence Investigation be Ordered. Further Ordered that the Defendant be remanded to the custody of the Sheriff.”
******
The next item in the record of any consequence is an order dated 21 August 1964 by the trial judge indicating that the defendant had symptoms of active tuberculosis and ordering that the sheriff of Palm Beach County deliver the defendant to the Southwest Florida Tuberculosis Hospital in Hillsborough County for an examination and treatment for tuberculosis. The order provided that the superintendent of the hospital should deliver custody of the defendant to a deputy sheriff of Palm Beach County, Florida, upon the completion of such treatment for purposes of returning the defendant to the Criminal Court of Record in Palm Beach County for sentencing.
It appears that the defendant never returned from the state hospital for sentencing. He was discovered in a federal correctional institution in Minnesota in 1969, evidently serving a sentence for a federal offense. The defendant was brought before the Criminal Court of Record in Palm Beach County on 28 October 1969 by a writ of habeas corpus ad prosequendum. At that time the trial court adjudged the defendant guilty of grand larceny and sentenced him to a term of five years in the custody of the “Division of Corrections.”
The question presented by this appeal is whether or not the trial court had jurisdiction to sentence the defendant at a time in excess of five years from the date of the defendant’s conviction. In our opinion, under the particular facts of this case, the question must be answered in the negative.
The defendant contends that this case is controlled by F.S.1969, section 775.14, F.S. A., which was enacted as Chapter 57-284, Laws of 1957, effective 31 May 1957. This statute reads as follows:
“Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld.”
At the time this statute was enacted trial courts of this state assumed that after a conviction they had the inherent power to withhold indefinitely the sentencing of a defendant “from day to day and term to term.” The history and purpose of the practice of indefinitely deferring sentencing is ably discussed in Judge Wigginton’s opinion in Bateh v. State, Fla.App.1958, 101 So.2d 869. This practice resulted in unsupervised probation of convicts and left the defendant in a position of not knowing when his obligation to the State arising out of his conviction would be satisfied. Presumably F.S. section 775.14, F.S.A., was enacted to abate these problems.
While the language of the statute is not as clear as it should be, it is our opinion that the language “Any person receiving a withheld sentence upon conviction * * *.” applies to persons who upon conviction become the subject of an order expressly stating that sentencing is withheld. The statute requires that such a person be sentenced within a period of five *456 years measured from the time of Ms conviction. At this point it is appropriate to note that the term “conviction” means the finding of guilt either by the jury or by the judge sitting as trier of fact or the establishment of guilt by a proper plea of guilty. See Tolar v. State, Fla.App. 1967, 196 So.2d 1, 7, and authorities therein cited. See also Black’s Law Dictionary, Fourth Edition, page 403.
As we interpret the statute it clearly applies to the facts of our case. The defendant was convicted by his plea of guilty on 28 July 1964 and the court entered an order withholding adjudication and sentence. Defendant was not sentenced for a period in excess of five years measured from the time of the conviction. Therefore, under the literal language of the statute the trial court lost jurisdiction to sentence the defendant for the conviction.
There are, of course, some instances where a sentence can be imposed in excess of five years after conviction, but these are cases wherein a deferred sentencing is expressly authorized by statute. For example, where a convict has been placed on probation in accordance with the authority granted trial courts by the probation code, F.S.1969, section 948.01, et seq., F.S.A., there are occasions when probation can be rescinded and sentence imposed after a period of five years from the date of conviction. Also in the case of a defendant who becomes insane after conviction, but before sentencing, there is express statutory authority for imposing sentence upon the termination of the insanity which could be in the excess of five years from the time of conviction. See F.S.1969, section 921.09, F.S.A. But neither of these specific statutory exceptions pertain to the facts in the present case.
It does appear from the record in this case that the defendant by his own wrongdoing absented himself from the jurisdiction of the court and thus was partially responsible for the lapse of the five year period. But F.S. section 775.14, F.S.A., contains no provision for tolling the running of the five year period under such circumstance. And we are of the opinion that the language of the statute will not authorize a court made exception. The statute is similar to a criminal statute of limitation on prosecutions. With respect to limitation statutes on criminal prosecutions, the general rule is that the running of such statutes is tolled only by means or for reasons specified in such statutes. See 1 Wharton’s Criminal Law and Procedure, Section 184, and Rouse v. State, 1902, 44 Fla. 148, 32 So. 784. We think this approach to the interpretation of criminal statutes of limitation on prosecutions is equally pertinent to the interpretation of the statute now before the court.
We conclude that because of the lapse of five years from the defendant’s conviction, the trial court, under F.S. section 775.14, F.S.A., as applied to the facts of this case lost jurisdiction to sentence the defendant.
The state argues that the court had jurisdiction to sentence the defendant at any time during the period of five years following the date of adjudication. The state’s contention is based upon the cases of State v. Bateh, Fla.1959, 110 So.2d 7; Helton v. State, Fla.1958, 106 So.2d 79; and Rodriguez v. State, Fla. 1960, 119 So.2d 681. Referring back to the practice of indefinitely deferring sentencing from day to day and term to term, the First District Court of Appeal in the case of Bateh v. State, Fla.App. 1958, 101 So.2d 869, held that such practice was illegal. The conclusion of the First District was approved by the Florida Supreme Court in Helton v. State, and State v. Bateh, supra. But in those two cases and in the Rodriguez case, supra, the Supreme Court, having held illegal a trial court’s order indefinitely deferring sentencing, was faced with the question as to when the trial courts lost jurisdiction to enter a proper sentence. By the three cases just mentioned, the Supreme Court evolved a rule which answered that question. The Supreme Court held that *457 trial courts could sentence a defendant at any time during the period beginning with the adjudication of guilt and ending with the last day of a period equal in length to the maximum sentence which could be imposed for the crime for which the defendant was adjudicated guilty. As a corollary the Court held that any sentence imposed during that period could not extend beyond such period. The important thing to note about this rule, however, is that it applies only to those cases which developed before Section 775.14 became effective. The Supreme Court recognized this in State v. Bateh, supra, wherein it said in 110 So.2d at page 10:
“Such situations arising after the day Sec. 775.14, Florida Statutes 1957, F.S. A., became effective will be governed by that act. * * *”
And in Helton v. State, supra, the Court said:
“It might be noted that by Ch. 57-284, Laws of 1957 [appearing as § 775.14 Fla.Stat.1957, F.S.A.], the Legislature placed a time limitation of five years on the imposition of sentence upon a convicted criminal whose sentence was ‘withheld’ at the time of his conviction. This statute may have been enacted for the purpose of limiting the time for the imposition of sentence in those cases in which sentencing was validly deferred or withheld for a proper judicial purpose, as referred to above; but it would appear to be equally applicable, by its terms, to those cases in which the imposition of sentence has been illegally sus-, pended or ‘withheld’ in contravention of Ch. 948, supra, as in the instant case. Since, however, this Act was not in effect at the time of the entry of the order here attacked, its impact upon the questions here presented could not be and was not considered.”
Hence, we are of the view that the aforementioned rule developed in State v. Bateh, Helton v. State, and Rodriguez v. State, supra, has no application to cases the controlling facts of which occurred after the effective date of F.S. section 775.14, F.S. A., and for that reason reject the state’s argument.
For the foregoing reasons, the judgment and sentence appealed from are reversed.
To facilitate review by certiorari of this decision by the Florida Supreme Court, upon receipt of an appropriate application by either party to this appeal, we intend to certify this decision as one passing on a question of great public interest.
Reversed.
McCAIN, J., concurs.
WALDEN, J., dissents with opinion.