257 So.2d 242 (1971)
STATE of Florida, Petitioner,
v.
John Leon GAZDA, Respondent.
No. 40814.
Supreme Court of Florida.
July 21, 1971.
As Modified September 15, 1971.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for petitioner.
*243 Walter N. Colbath, Jr., Public Defender, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 244 So.2d 454. The decision sought to be reviewed is certified by the District Court as one passing upon a question of great public interest, giving this Court jurisdiction under § 4, Article V, of the Florida Constitution, F.S.A.
The question presented is whether under Florida Statutes § 775.14, F.S.A., a sentence is valid which is imposed more than five years from the date a plea of guilty is accepted and adjudication withheld. The trial court, on motion to vacate, upheld the validity of the sentence imposed on respondent herein. The District Court reversed.
Respondent was charged by Information with robbery in the Criminal Court of Record, Palm Beach County, Florida, on November 6, 1963. On November 12, 1963, respondent entered a plea of not guilty. On July 28, 1964, respondent withdrew a plea of not guilty and entered a plea of guilty to grand larceny, a lesser included offense. On the same date, July 28, 1964, the Court accepted a plea of guilty to grand larceny and ordered that "adjudication and sentence be withheld and a pre-sentence investigation be ordered." On August 21, 1964, respondent was ordered to be delivered to the Southwest Florida Tuberculosis Hospital, Hillsborough County, Florida, for examination and care. The Superintendent of the Tuberculosis Hospital was ordered to deliver respondent to the Palm Beach County Sheriff's Department at such time as the respondent was cured, for the purposes of having respondent brought before the court for sentencing.
It appears that respondent never returned from the State Hospital for sentencing. On February 2, 1965, the trial judge issued a bench warrant in an effort to bring respondent before him for sentencing. But respondent was not returned to state custody until May 1, 1970. He had meanwhile acquired a two year federal sentence, which he was serving in Sandstone, Minnesota.
Respondent attacked his plea by Motion to Vacate filed July 28, 1969, after the State's detainer was lodged against him. On August 19, 1969, the State petitioned for and obtained a Writ of Habeas Corpus Ad Prosequendum in order to have respondent returned from the federal prison.
On October 28, 1969, hearing was held on respondent's motion to vacate in the Criminal Court of Record, the motion was denied and the Court sentenced respondent to five years, sentence to begin on respondent's finishing any sentence previously imposed by other jurisdictions.
On appeal the District Court reversed the judgment and sentence, holding that the limitation of Florida Statutes § 775.14, F.S.A., was absolute and that the court could not create exceptions. Judge Walden dissented on the grounds that the statute did not apply because respondent was not convicted; because the reason for the delay in sentencing (hospitalization) was reasonable, so that the statutory purpose would not apply, and further that the statute was tolled by issuance of the bench warrant during the five-year period.
Florida Statutes § 775.14, F.S.A., provides as follows:
"Limitation on withheld sentences.  Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld."
We agree with the majority opinion below that for the purposes of construing § 775.14, supra, the term "conviction" means determination of guilt by verdict of the jury or by plea of guilty, and does not *244 require adjudication by the court. It is important to distinguish a "judgment of conviction" which is defective unless it contains an adjudication of guilt.[1] A judgment of conviction is a necessary prerequisite to a valid sentence.[2] We note that the definitions in Florida Statutes § 921.01 and § 921.02, F.S.A.[3] support the distinction made here between a judgment of conviction and a conviction. The latter term does not necessarily include an adjudication, whereas the former does.
In the instant case respondent was convicted within the intent of Florida Statutes § 775.14, F.S.A., on July 28, 1964, the date the Court accepted his plea of guilty. On that date the five year period of time within which he could be sentenced began to run. However, when respondent left the jurisdiction of the Court and failed to make his whereabouts known, he rendered it impossible for the Court to impose a lawful sentence. The operation of the Statute was tolled on February 2, 1965, the date the trial court issued a bench warrant in an effort to bring respondent before him for sentencing.
The District Court held that since the Statute did not expressly authorize an exception in the case of a defendant who has wrongfully absented himself from the jurisdiction during the period within which he could be sentenced, the Statute was not tolled. We disagree with this holding of the majority of the District Court and approve the view of Mr. Justice Walden in his dissenting opinion as follows:[4]
"I simply cannot endorse the proposition that a trial court can temporarily postpone adjudication and sentence pending pre-sentence investigation and receipt by the defendant of medical care  have the defendant flee or by self-help defeat the court's jurisdiction  enjoy his freedom from sentence while the statute (F.S. 1969, § 775.14, F.S.A.) ran, and thereby defeat the administration of punishment. The majority construction, if I assay it correctly, has the effect of telling every defendant who awaits pre-sentence investigation that if he can only hide for five years the law will bar the court from ever imposing sentence. After all, a defendant must be present to be sentenced and it hardly comports with logic to say that the sentence here was withheld when defendant took himself out of the court's reach and could not be made answerable to a bench warrant."
Accordingly, certiorari is granted, the decision of the District Court, insofar as it holds the operation of Florida Statutes § 775.14, F.S.A., was not tolled, is quashed and the cause remanded with directions to reinstate the judgment and sentence of the trial court.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and ADKINS, JJ., concur.
NOTES
[1] Ellis v. State, 100 Fla. 27, 30, 129 So. 106, 108 (1930): "[T]his court is firmly committed to the doctrine that a legal conviction of crime includes a judgment of the court as well as a plea or verdict of guilty."
[2] State ex rel. Spitzer v. Mayo, 129 Fla. 426, 176 So. 434 (1937); Finch v. Mayo, 137 Fla. 762, 189 So. 27 (1939).
[3] Fla. Stat. § 921.01, F.S.A.: "Judgment defined.  The term judgment as used in the criminal procedure law means the adjudication by the court that the defendant is guilty or not guilty."

Fla. Stat. § 921.02, F.S.A.: "Rendition of judgment.  If the defendant has been convicted, a judgment of guilty, and if he has been acquitted, a judgment of not guilty, shall be rendered in open court and entered on the minutes of the court."
(The foregoing statutes, in effect at the time of the proceedings below, were repealed by Laws 1970, Ch. 70-399, § 180, effective January 1, 1971, but Rules 1.650 and 1.670, Florida Rules of Criminal Procedure, 33 F.S.A., contain similar provisions.)
[4] Gazda v. State, 244 So.2d 454, 457 (Fla. App. 4th 1971).