ADKINS, Justice.
The circuit court below passed directly upon the validity of a statute. Article V, section 3(b)(1), Florida Constitution mandates that we review the decision.
Prior to the enactment of Chapter 77-183, Laws of Florida, amending section 446.071, Florida Statutes (1975), and appearing as section 446.071, Florida Statutes (1977), employers could secure state registration of their apprenticeship programs “whenever a demand is made” by filing an application with the Bureau of Apprenticeship and conforming to their regulations. The amendment, however, allows approval only “upon a determination of need” by the bureau.
The appellants (the Florida Home Builders Association and other contractors’ organizations) initiated a court challenge against the statute. The trial court rejected the appellants’ basic contention that the statute unconstitutionally delegated legislative power to an administrative agency.
We agree with the appellants and reverse. The statute is invalid because it violates the principle of separation of powers. Article II, section 3, Fla.Const. Although modern procedural safeguards in the administrative process and the availability of judicial review serve to limit the potential for capricious or arbitrary action by executive agencies, our state constitution wisely requires that the power to make the law reside exclusively with the legislature. Askew v. Cross Key Waterway, No. 52,251 (Fla. Nov. 22, 1978). But for a few exceptions not apposite to this case, discretionary authority granted to the executive branch of government must be limited and guided by an appropriately detailed legislative statement of the standards and policies to be followed. E. g., High Ridge Management Corp. v. State, 354 So.2d 377 (Fla.1977); Sarasota County, et al. v. Barg, et a1., 302 So.2d 737 (Fla.1974); Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla.1968); State v. Atlantic Coast Line R., 56 Fla. 617, 47 So. 969 (1908).
The challenged statute assigns to an administrative agency the duty to accept or reject apprenticeship program applications according to “need.” But the statute does not specify what standards or policies are to guide the agency and neither do the preexisting legislative statements of intent that are scattered through the chapter on apprenticeships.
Standing alone as it does, the term “need” is susceptible of so many conflicting applications that the agency and the courts cannot ascertain the legislative intent. Cf. Dickinson v. State ex rel. Bryant, 227 So.2d 36, 38 (Fla.1969) (statute requiring that one wishing to open a cemetery demonstrate the “need for a cemetery” and the “need for further facilities” held unconstitutional because it conferred upon the state comptroller “the authority to grant approval to one yet withhold it from another, at whim, and without guides of accountability”). By granting the agency the ability to choose among many different possible understandings of the statute's requirement without guides of accountability, the legislature unconstitutionally delegated the power to make the law.
Accordingly, we hold the provision of Chapter 77-183, Laws of Florida, requiring *221 “a determination of need” to be null and void. The previous statutory language is reinstated. See In re Advisory Opinion to Governor, 63 So.2d 321 (Fla.1953); State ex rel. Spitzer v. Mayo, 129 Fla. 426, 176 So. 434 (1937); Messer v. Jackson, 126 Fla. 678, 171 So. 660 (1936). The judgment in, favor of the appellee is reversed and the cause remanded with instructions to enter judgment for the appellants.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.