# STATE OF FLORIDA v TIDWELL

## Case No. 89-13476

Thirteenth Judicial Circuit, Hillsborough County

March 16, 1990

### APPEARANCES OF COUNSEL

**Beth Brown, Esquire,** Assistant State Attorney, for plaintiff.

**Marcelino J. Huerta, III, Esquire,** for defendant.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

### *ORDER REJECTING OBJECTION TO RESTITUTION ORDER*

On March 12, 1990 the Defendant appeared with counsel before the Court and entered a plea of nolo contendere to the lesser included stipulated offense of battery as to Count I of the Information which charged aggravated battery. The State of Florida entered a nolle prose as to Count II. The Court, in connection with the plea dialogue, received a factual basis for the plea from the State of Florida and satisfied itself that there was a factual and legal basis to accept the plea

and thereby judicially establish the criminal offense of battery to which the Defendant was pleading. The Defendant also executed a "Restitution Agreement" as to the amount of restitution due the victim and the amount he could pay towards restitution. The Court then withheld adjudication of guilt, placed the Defendant on a period of one year's probation and ordered restitution in line with the "Restitution Agreement." Later that same day the Court entered a formal Restitution Order in accordance with Florida Statute 775.089. Paragraph 6 of this Order, which is predicated on Florida Statute 775.089(8), provided in part as follows:

> The Defendant is hereby estopped from denying the essential allegations of the offense for which he/she was convicted in this case and upon which this Restitution Order is based in any subsequent civil proceeding.

On March 14, 1990 the Defendant, through counsel, filed a written objection to Paragraph 6 of the Order contending that the Defendant was not convicted and, accordingly, he should not be precluded in any subsequent civil litigation arising from this incident from denying the allegations or filing a counterclaim. On March 16, 1990 the Court conducted a hearing as to the Defendant's objection. For the reasons that follow the Court rejects the Defendant's position and reaffirms its earlier Restitution Order.

Many individuals who toil in the Florida criminal justice system are of the opinion that a person can only be considered "convicted" if he or she has suffered a formal adjudication of guilt by the Trial Court and that a person who has had the benefit of a withholding of adjudication of guilt has not been "convicted." But such is not necessarily the case under Florida law. As the Court noted in *Barber v State,* 413 So.2d 482, 483 (Fla. 2d DCA 1982) — "Florida courts have dealt with the meaning of conviction in a variety of contexts, . . ." Thus the issue here is whether in the context of Florida Statute 775.089(8) "conviction" means that the Defendant had to be adjudicated guilty in order for the victim of his offense to obtain the benefit of this particular estoppel provision of the statute.

The Court has found no Florida appellate cases interpreting what the legislature meant by "conviction" as used in this statute. Thus the Court must look to the intent of the legislature as well as basic Florida law to discern the meaning of "conviction" within the context of this statute.

Section 2 of Chapter 88-96, Laws of Florida, styled "The Victims'

Rights Act of 1988" amended portions of the restitution statute.[1] The preamble of this act clearly manifests the legislative intent that *all* victims of crimes were to be treated equally and that their rights were to be honored and protected by the judicial system in a vigorous manner. Thus it would be an anomaly to hold that the legislature only intended to give the benefit of the estoppel provision at issue to those victims whose particular defendants were adjudicated guilty but not to those victims whose particular defendants were not adjudicated guilty. Moreover, this conclusion is fortified by a review of analogous Florida law.

In *Maxwell v State*, 336 So.2d 658 (Fla. 2d DCA 1976) the Defendant had the benefit of adjudication being withheld for the misdemeanor offense of possession of marijuana. He later committed the same offense and was informed against for felony possession of marijuana predicated on the fact that it was his second offense. The Defendant argued that he could not be charged with a felony in that he had never been "convicted" of a like offense since adjudication of guilty was withheld in the first possession case. The Appellate Court disagreed. Although it noted that the statute at issue contained the word "offense" as opposed to "conviction", it nevertheless held that even if the legislature had used the word "conviction" in the statute, the Defendant's position was not well taken. Relying on *State v Gazda*, 257 So.2d 242 (Fla. 1971), the Court stated:

> The intent of the legislature was to prevent the conferring of felony status upon the accused the first time he is found in possession of a small quantity of marijuana. *But once possession has been judicially established, whether by a guilty plea, a nollo plea, or a jury verdict, the status of the second charge must not be determined on the basis of whether or not the judge had withheld adjudication pursuant to RCrP 3.670.* If that were the controlling factor, a judge may be reluctant to exercise the power to withhold adjudication granted under the above rule. He might be unwilling to give the defendant an unwarranted second chance to risk no more than another misdemeanor charge should the defendant again possess marijuana. This in turn would be a great detriment to first offenders. Page 659. (Emphasis supplied)

See again *Gazda, supra* (for purposes of Florida Statute 775.14,

---

[1] The formal enactment of this act was contingent upon the electorate of the State of Florida approving an amendment to the Florida Constitution providing for victims' rights in the November, 1988 general election. This amendment, Article I, Section 16(b), was in fact approved in that election.

212

"conviction" does not require adjudication of guilt.) See also *Jones v State,* 502 So.2d 1375, 1377 (Fla. 4th DCA 1987) ("The withholding of adjudication is a conviction for many purposes."); Florida Statute 775.084(2); and Florida Rule of Criminal Procedure 3.701(d).

Therefore, by focusing on the clear legislative intent and by borrowing from the analogous reasoning of *Maxwell,* it is clear to this Court that "conviction" within the meaning of Florida Statute 775.089(8) clearly means a finding by the Court that the offense giving rise to a restitution order has been judicially established, whether by a plea of guilty, a plea of nollo contendere, or a jury verdict, and the fact that adjudication of guilt may have been withheld pursuant to Florida Rule of Criminal Procedure 3.670 is not determinative. If such were not the interpretation of "conviction" then a trial judge would be very reluctant to withhold adjudication of guilty in appropriate cases, such as a first time offender,[2] with great detriment to such a first time offender because to do so would deprive an innocent victim of the benefits of this particular estoppel provision of the restitution statute.

Accordingly, for the reasons expressed, the Defendant's objection is rejected and the Court hereby reaffirms its Restitution Order of March 12, 1990.

DONE AND ORDERED in Chambers at Tampa, Hillsborough COunty, Florida, on this the 16th day of March, 1990.

---

[2] The State of Florida has agreed that the Defendant had not prior criminal record.