HERSEY, Chief Judge.
In this appeal from a conviction for the purchase of cocaine within 1000 feet of a school, appellant initially raised four issues. We find that the first three are controlled by Burch v. State, 558 So.2d 1 (Fla.1990). As to those issues, we affirm.
*405 Appellant was charged with and convicted of two related offenses: purchase and possession, involving the same cocaine rock. While the trial court withheld adjudication on the count for possession, it nevertheless sentenced appellant on both counts. This was error and we vacate the sentence on Count II. Finch v. Mayo, 137 Fla. 762, 189 So. 27 (1939); State ex rel. House v. Mayo, 122 Fla. 23, 164 So. 673 (1935). Further, because the offense of possession is a lesser-included offense of purchasing the same cocaine at or near a school, Carawan v. State, 515 So.2d 161 (Fla.1987), we reverse with directions to dismiss Count II of the information.
Our decision will not affect appellant's sentence, however. Florida Rule of Criminal Procedure 3.988(g), shows that subtracting the eight points for the possession conviction will leave appellant within the same category he was in when the possession conviction was included. Therefore, appellee is correct that there will be no change in appellant’s sentence on Count I and resentencing on this issue will be unnecessary. Davis v. State, 562 So.2d 443 (Fla. 2d DCA 1990); Lewis v. State, 545 So.2d 427 (Fla. 2d DCA 1989), approved, 556 So.2d 1103 (Fla.1990).
DOWNEY and WARNER, JJ., concur.