PER CURIAM.
Carlos Sainz was wanted by New Jersey authorities in connection with a double homicide that occurred in May, 1987. Sainz was arrested in Miami, Florida, on April 27, 1988, and was charged with attempted first degree murder of a police officer, unlawful possession of a firearm while engaged in a criminal act, and unlawful possession of a firearm by a convicted felon. On May 6, 1988, Sainz pled guilty to the three charges. The prosecutor requested that the trial judge not sentence the defendant because, as a sentenced prisoner, Sainz could not be transferred to *675 the New Jersey authorities until after he arrived at his final designated prison.[1] The trial court agreed and withheld sentencing.[2] Sainz was taken into custody by New Jersey authorities but did not go to trial for the homicides until 1994.
Florida prosecutors never formally requested that Sainz be returned. Instead, on February 6, 1989, the circuit court issued an alias capias and lodged a detainer in New Jersey to prevent Sainz’ release. In New Jersey, Sainz was acquitted of the homicides, but convicted of drugs and weapons charges and sentenced to twenty years in prison.
In 1995, Sainz filed a motion to preclude sentencing in Florida on the grounds that it was time-barred. On June 16, 1999, Sainz was paroled by New Jersey and returned to Florida. It was not until May 25, 2000, that Sainz’ motion was heard and denied. Finally, on June 19, 2000, he was sentenced. Sainz now appeals the imposition of that sentence.
We vacate Sainz’ sentence because, pursuant to section 775.14, Florida Statutes (1995), the trial court lacked jurisdiction to sentence Sainz more than five years after accepting his guilty plea and withholding sentence.[3] The State, citing State v. Gazda, 257 So.2d 242 (Fla.1971), argues that the statute of limitations on sentencing was tolled by Sainz’ absence from Florida. However, unlike the defendant in Gazda, Sainz did not deliberately absent himself from the jurisdiction while keeping his whereabouts unknown. Therefore, the statute of limitations on sentencing applies. See also Brown v. State, 674 So.2d 738, 741-42 (Fla. 2d DCA 1995).
The trial court denied Sainz’ motion to preclude sentencing based on the fact that Sainz allegedly breached his plea agreement in New Jersey. Assuming that is true, we fail to see the relevance of this fact as Florida never formally requested that Sainz be returned to this state.
Reversed and remanded with directions to discharge the defendant.[4]
Because of the importance of this issue, we stay the mandate herein for a period of sixty days and certify the following issue to the Florida Supreme Court:
WHETHER THE STATUTE OF LIMITATIONS ON SENTENCING, AS SET FORTH IN SECTION 775.14, FLORIDA STATUTES (1995), IS TOLLED WHEN A DEFENDANT IS REMOVED TO ANOTHER JURISDICTION FOR THE PURPOSES OF PROSECUTION AND/OR SENTENC *676 ING, WITH THE KNOWLEDGE OF THE STATE OF FLORIDA.
GREEN and RAMIREZ, JJ., concur.

. Although the dissent labels the result as condoning the ultimate "gotcha” litigation tactic, it is undisputed that the defendant had nothing to do with this arrangement. On the contrary, he cooperated fully by waiving extradition. Unlike the litigant in Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), the defendant has not successfully asserted inconsistent positions in this case.

. The dissent postulates that the defendant did not receive a "withheld sentence.” This is a position that even the state could not in good conscience argue. The plain meaning of "withhold” is to "refrain from giving, granting, or permitting.” See American Heritage Dictionary 2050 (3d ed.1996). Clearly the trial court refrained from imposing sentence at the request of the prosecutor.

. Section 775.14, Florida Statutes (1995), provides as follows:
Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of 5 years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld.

. We agree with the dissent that the legislature should repeal section 775.14. As judges, however, we cannot.