720 So.2d 1085 (1998)
STATE of Florida, Appellant,
v.
Michael KEIRN, Appellee.
No. 96-4001.
District Court of Appeal of Florida, Fourth District.
May 6, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellee.
*1086 GROSS, Judge.
The central issue presented in this case is whether a conviction within the meaning of section 322.34, Florida Statutes (1995), requires there to be an adjudication of the defendant's guilt. Based on a reading of the applicable statutes in light of their historical development, we hold that a conviction under section 322.34 occurs after a final disposition of a case, as a result of a trial or plea, without regard to the court's decision on adjudication of the defendant, unless the disposition is made pursuant to section 318.14(10), Florida Statutes (1995).
Appellee, Michael Keirn, was charged by information with possession of cannabis, driving under the influence, and felony driving while license suspended in violation of section 322.34(1)(c), Florida Statutes (1995). The information charged that Keirn had two prior convictions. Keirn moved to dismiss the driving while license suspended charge. Section 322.34(1) provides:
(1) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
At the hearing on the motion to dismiss, the trial judge ruled that a withhold of adjudication was not a conviction. The judge expressed concern that if he did not adjudicate the defendant, then the charge would only be a misdemeanor because there would be no third conviction, and the circuit court would lose jurisdiction. The judge granted the motion to dismiss, basing his ruling on State v. Santiago, 4 Fla. L. Weekly Supp. 220 (Fla. 17th Cir.Ct. Aug. 2, 1996).
Santiago held that section 322.34(1)(c) was an unconstitutional delegation of legislative power to the judiciary contrary to Article II, Section 3 of the Florida Constitution.[1]Santiago's rationale is capsulized in the following paragraph:
Because [section 322.34(1)(c)] requires an adjudication of guilt for the conduct to be punishable as a felony, and because § 948.01, Fla. Stat., allows this Court to withhold adjudication of guilt, this Court has the unbridled discretion to make the Defendant's conduct a felony or a misdemeanor by simply exercising its discretion regarding the withholding of adjudication of guilt. The Legislature has the sole authority and responsibility to make the criminal laws, including classifying transgressions of the criminal law as either a felony or a misdemeanor. It is an unconstitutional delegation of the legislative power to grant to [the circuit court] the power to make the Defendant's conduct punishable as a felony or a misdemeanor by this Court exercising its discretion to withhold adjudication of guilt.
Id. at 221.
One flaw in Santiago's reasoning is its assumption that the term "conviction" as used in section 322.34 requires an adjudication of a defendant's guilt.

I
In Florida law, "conviction" is a chameleon-like term which draws meaning from its statutory context. The judicial search for the meaning of the term is not confined to modern times. Over 100 years ago, the Florida Supreme Court observed that in its "ordinary sense," the term "conviction" "means the ascertainment of the guilt of a party, *1087 either by a plea of guilty, or by the verdict of a jury." State ex rel. Owens v. Barnes, 24 Fla. 153, 4 So. 560, 561 (1888). The supreme court also recognized that "numerous authorities" held that a "judgment or sentence [was] a necessary component part of `conviction.'" Id.
Over time, the most frequent construction of a statute's use of the term "conviction" has required a trial court's adjudication of the defendant's guilt after a plea or verdict. See State v. Snyder, 673 So.2d 9 (Fla.1996) (construing § 790.23, Fla. Stat. (1991)); Delta Truck Brokers, Inc. v. King, 142 So.2d 273 (Fla.1962) (construing § 323.31(3)(a)2, Fla. Stat. (Supp.1960)); Weathers v. State, 56 So.2d 536 (Fla.1952) (construing § 776.02, Fla. Stat. (1949)); State v. Smith, 160 Fla. 288, 34 So.2d 533 (1948) (construing § 775.09, Fla. Stat. (1941)); Timmons v. State, 97 Fla. 23, 119 So. 393 (1929) (construing section 5486, Rev. Gen. Stats., 7630 of Comp. Gen. Laws of 1927); Smith v. State, 75 Fla. 468, 78 So. 530 (1918) (construing §§ 3556, 3556a, General Statutes 1906, Florida Compiled Laws 1914); Childers v. Dep't of Envtl. Protection, 696 So.2d 962 (Fla. 1st DCA 1997) (construing § 370.092(8)(b), Fla. Stat. (1995)); Castillo v. State, 590 So.2d 458 (Fla. 3d DCA 1991) (construing § 790.23, Fla. Stat. (1989)); Clinger v. State, 533 So.2d 315 (Fla. 5th DCA 1988) (construing § 939.01(1), Fla. Stat. (1987)); Fla.R.Crim.P. 3.670.
Where the statutory context requires it, the term "conviction" has been construed broadly to include dispositions where there has been no adjudication of guilt. Certain rules and statutes specifically include a withhold of adjudication within the statutory definition of a "conviction." See Jones v. State, 502 So.2d 1375, 1377 (Fla. 4th DCA 1987); § 921.0011(2), Fla. Stat. (1995); Fla. R.Crim.P. 3.703(d)(6).
Where there is no explicit definition, the wording of a particular statute can be crucial to discerning the meaning of "conviction." For example, in State v. Gazda, 257 So.2d 242 (Fla.1971), the supreme court confronted section 775.14, which read:
Limitation on withheld sentences. Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld.
(Emphasis supplied). Section 775.14 used the term "conviction" in a way that plainly indicated that there could be a conviction when a sentence was withheld. For this reason, the supreme court construed the statute's use of "conviction" to mean the "determination of guilty by verdict of the jury or by plea of guilty," with no requirement of "adjudication by the court." Id. at 243-44. Because the supreme court's construction of the term "conviction" in Gazda was so driven by its statutory context, that case is of limited precedential value for construing the term in differently worded statutes.
The supreme court has taken a practical approach in construing the word "convicted" in section 921.141(5)(b), Florida Statutes (1975). That subsection describes an aggravating circumstance in a capital sentencing proceeding as being that the "defendant was previously convicted of ... a felony involving the use or threat of violence to the person." In McCrae v. State, 395 So.2d 1145, 1153-54 (Fla.1980), the supreme court held that a defendant was "convicted" within the meaning of the statute if he had entered a guilty plea to a qualifying felony, but had not yet been sentenced. The court reasoned that prior criminal conduct should be taken into consideration at sentencing where a defendant's plea of guilty amounted to an "in-court confession." Garron v. State, 528 So.2d 353, 360 (Fla.1988), refined the holding of McCrae to point out that it is a plea of guilty, and not a plea of nolo contendre, that "is an absolute condition precedent before the lack of adjudication can be considered a conviction."
The term "conviction" has been liberally construed in the context of a statute which defines a criminal defendant's rights in a later civil case arising out of the criminal conduct. In Smith v. Bartlett, 570 So.2d 360 (Fla. 5th DCA 1990), the fifth district interpreted section 775.089(8), Florida Statutes (1989), which provided that *1088 [t]he conviction of a defendant for an offense involving the act giving rise to restitution... shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding.
Smith held that "one who pleads guilty or is found guilty by a jury has been `convicted' under the provisions of section 775.089(8), even in the absence of an adjudication." Id. at 361. This holding implemented the statutory purpose to provide a broad, effective restitution remedy in a civil case to victims of crime.
In sum, proper construction of the term "conviction" requires a close examination of its statutory context and legislative history and development.

II
To properly determine the meaning of the term "conviction" in section 322.34, it is necessary to read that section in conjunction with other provisions of Chapter 322 and Chapter 318, Florida Statutes, entitled "Disposition of Traffic Infractions." Sections in each chapter cross-reference the other. The Chapters have been amended in the same session laws. Viewed together, Chapters 318 and 322 comprise the legislative scheme for regulating the privilege to drive a motor vehicle in Florida.
Section 322.263, Florida Statutes (1995), expressly declares the legislative intent underlying all of Chapter 322:
It is declared to be the legislative intent to:
(1) Provide maximum safety for all persons who travel or otherwise use the public highways of the state.
(2) Deny the privilege of operating motor vehicles on public highways to persons who, by their conduct and record, have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the state and the orders of the state courts and administrative agencies.
(3) Discourage repetition of criminal action by individuals against the peace and dignity of the state ... and impose increased and added deprivation of the privilege of operating motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws.
For section 322.34 suspensions, the legislature has specified both the type of suspension entitled to leniency and the procedure for obtaining a special disposition of a charge.
In 1985, the legislature added subsection 10(a) to section 318.14. Ch. 85-250, § 2, at 1668, Laws of Fla. Even though section 318.14 was entitled "Noncriminal traffic infractions; exception; procedures," section 318.14(10) established a procedure for handling certain criminal violations.[2] One of these criminal charges was "operating a motor vehicle with a license which has been suspended for failure to appear, failure to pay civil penalty, or failure to attend a driver improvement course." § 318.14(10)(a)1, Fla. Stat. (1995). Under section 318.14(10)(a), any person cited for such a suspension may,
in lieu of payment of fine or court appearance, elect to enter a plea of nolo contendere and provide proof of compliance to the clerk of the court.... In such case, adjudication shall be withheld; however, no election shall be made under this subsection if such person has made an election under this subsection in the 12 months preceding election hereunder. No person may make more than three elections under this subsection.
By enacting this section, the legislature recognized that leniency was appropriate for certain types of license suspensions. Subsection (10) allows a person to reinstate his or her driver's license with the clerk prior to the court appearance date indicated on the citation or notice to appear. Traffic Rule 6.360(b) authorizes the clerk to allow a person up to 60 additional days to reinstate the license. If a defendant still needs additional time to comply with section 318.14(10), a judge or traffic hearing officer may extend the time for compliance. Fla. R. Traf. Ct. 6.360(b); 6.040(a).
*1089 In 1990, the legislature moved away from the "adjudication" concept in defining a chapter 322 conviction, to make that definition coincide with those cases reserved for special treatment under section 318.14(10). Ch. 90-230, Laws of Fla. § 3, at 1722. Prior to the 1990 amendment, a "conviction" was defined as,
an adjudication of guilt; a determination in a court of original jurisdiction or an administrative proceeding that a person has violated, or failed to comply with, the law; a forfeiture of bail or collateral deposited to secure the person's appearance in court, unless such forfeiture is vacated; a plea of guilty or nolo contendre accepted by a court; the payment of a fine, penalty, or court costs, regardless of whether such fine, penalty, or cost is rebated, suspended, or probated; a ruling which withholds adjudication; or a violation of a condition of release.
§ 322.01(10), Fla. Stat. (1989) (emphasis supplied). Significantly, since this section defined "a ruling which withholds adjudication" as a conviction, a withhold of adjudication in a suspension case under section 318.14(10) would still have counted as a conviction for the purpose of Chapter 322.
The legislature remedied this anomaly in 1990 by eliminating the 1989 version of section 322.01(10), redefining a conviction under that section, and adding a section addressing the relationship between a withhold of adjudication and a conviction. Ch. 90-230, Laws of Fla. §§ 2, 3, at 1722. These amendments were to operate "retroactively to July 1, 1989," prior to the effective date of the 1989 version of section 322.01(10). Id.; see ch. 89-282, Laws of Fla. § 3, at 1664. The 1990 amendment defined "conviction" without reference to an adjudication, reflecting a legislative intent to remove that concept from the Chapter 322 "conviction" equation. The amendment adopted the current form of the statute, which states,
"Conviction" means a conviction of an offense relating to the operation of motor vehicles on highways which is a violation of this chapter or any other such law of this state or any other state, including an admission or determination of a noncriminal traffic infraction pursuant to s. 318.14, or a judicial disposition of an offense committed under any federal law substantially conforming to the aforesaid state statutory provisions.
§ 322.01(10), Fla. Stat. (1995); ch. 90-230, § 3, at 1722, Laws of Fla.
The focus of this definition is whether an offense was committed and not on the judicial decision of whether to impose or withhold adjudication. For example, the definition includes a "judicial disposition" of federal offenses, language signifying the closing of a case without regard to the adjudication of guilt. Similarly, for a traffic infraction, the definition refers not to an adjudication, but to an "admission or determination," words that precisely echo the language of section 318.14. From issuance of the citation through conviction, section 318.14 sets out the procedure for handling a traffic infraction without any mention of an adjudication of guilt.[3]
In the same 1990 statute that changed section 322.01(10)'s definition of conviction, the legislature added section 318.14(11), which provides:

*1090 If adjudication is withheld for any person charged or cited under this section, such action shall not be deemed a conviction.
Ch. 90-230, § 2, at 1722, Laws of Fla. It is significant that the legislature included section 318.14(11) in the same session law that redefined a conviction. If a withhold of adjudication on a criminal charge generally did not constitute a conviction, then subsection (11) would have been unnecessary.
The adoption of subsection (11) evidences the legislative intent that all dispositions of driving under suspension charges amount to convictions under section 322.01(10), unless adjudication has been withheld pursuant to the procedures of section 318.14(10), for the three types of license suspensions enumerated in that section. This interpretation is consistent with the stated legislative intent found at section 322.263. The legislature has placed a ceiling on both the frequency and the number of times a person may avoid the full sanction of a license suspension one time every twelve months and three elections in a lifetime. A disposition outside of the section 318.14(10) procedure, regardless of whether adjudication is withheld or imposed, is a "conviction" within the meaning of section 322.01(10), which can be used to habitualize under section 322.264(1)(d), Florida Statutes (1995), or for aggravation under section 322.34.
The Rules of Traffic Procedure mirror section 318.14(11). Rule 6.560 states that elections under "section 318.14(9) or (10) ... when adjudication is withheld, shall not constitute convictions." Rule 6.291 governs "procedures on withheld adjudication in driving while license suspended." Rule 6.291(d) provides:
(d) Convictions. Elections under section 318.14(10), Florida Statutes, when adjudication is withheld, shall not constitute convictions as that term is used in chapter 322, Florida Statutes.
Rule 6.291(d) and the last sentence of Rule 6.560 explicitly tie the absence of a Chapter 322 conviction in suspension cases to the withholding of adjudication under section 318.14(10) procedures, and not to a withhold of adjudication in any other situation.[4] Outside of section 318.14, a judge is authorized to withhold adjudication in criminal cases if he or she places a defendant on probation. See Waite v. City of Fort Lauderdale, 681 So.2d 901 n. 1 (Fla. 4th DCA 1996); State v. Gloster, 703 So.2d 1174, 1175 (Fla. 1st DCA 1997); §§ 948.01(2); 921.187(1)(a)3; Fla. Stat. (1997); Fla. R.Crim. P. 3.670. These types of dispositions fall outside of Chapter 322's definition of a conviction.
Given this construction of the term "conviction," the concern noted by the trial judge does not exist. Even if the judge in this case were to withhold adjudication on the driving while license suspended charge after a plea or verdict, such a disposition would still amount to a third "conviction" under section 322.34(1)(c), because it is a disposition outside of section 318.14(10).
We note that in Raulerson v. State, 699 So.2d 339 (Fla. 5th DCA 1997), the fifth district has addressed the identical issue as that posed in this case and arrived at a similar result. Raulerson held that in section 322.34,
the legislature intended the term "conviction" to mean a determination of a defendant's guilt by way of plea or verdict. There appears to be no requirement that there be an adjudication.
Id. at 340. Raulerson arrives at its conclusion by a different path than the one we *1091 follow here. The fifth district primarily relied on State v. Gazda, 257 So.2d 242 (Fla.1971), and Florida Rule of Criminal Procedure 3.701(d)(2), for its construction of the term "conviction." However, as we stated above, Gazda hinges on the precise wording of the statute it parsed, so it is of limited precedential value for construing the term as it is used in section 322.34. There is no indication that the legislature intended to adopt the definition contained in Rule 3.701(d)(2) for section 322.34 or that the supreme court intended that rule to apply outside of the sentencing guidelines. Raulerson does not cite to section 318.14(11), so the opinion should not be read to include dispositions under that section as convictions.
We hold that section 322.34(1)(c) is constitutional and reverse the trial court's order of dismissal. Because our decision turns on the definition of a "conviction," we do not address the other aspects of the constitutional argument. Cf. Gloster, 703 So.2d 1174.
STONE C.J., and KLEIN, J., concur.
NOTES
[1] That section provides:

The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
[2] That the legislature intended to include these criminal violations in the section is evidenced by the description of the amendment in the title to the bill "providing for withholding of adjudication of guilt in certain traffic infractions and offenses." Ch. 85-250, Laws of Fla.
[3] Section 318.14(4) provides that a person charged with an infraction may pay the civil penalty by mail or in person within 30 days of receiving the citation. If the person does so, "he or she shall be deemed to have admitted the infraction and to have waived his or her right to a hearing on the issue of commission of the infraction." Id. (emphasis supplied). If the person requests a hearing, the presiding judge or hearing officer shall "make a determination as to whether an infraction has been committed." § 318.14(5), Fla. Stat. (1995) (emphasis supplied). A "determination" under the statute goes only to the occurrence of the infraction; it has nothing to do with an adjudication of guilt. A "determination" may occur as the result of a final hearing or plea. A "determination" that an infraction has been committed may arise from a no contest plea. See Vinson v. State, 345 So.2d 711 (Fla.1977); Stewart v. State, 586 So.2d 449 (Fla. 1st DCA 1991). When a report of "a determination or admission of an infraction is received by the department, it shall proceed to enter the proper number of points on the licensee's driving record in accordance with s. 322.27." § 318.14(8), Fla. Stat. (1995) (emphasis supplied). Section 322.27(3), Florida Statutes (1995), provides for a point system for "convictions of violations of motor vehicle laws."
[4] This is in contrast to the treatment accorded traffic infractions by the Florida Rules of Traffic Procedure. Rule 6.560 indicates that an "admission or determination that a defendant has committed a traffic infraction shall constitute a conviction as that term is used in Chapter 322 ... unless adjudication is withheld by an official in those cases in which withholding of adjudication is not otherwise prohibited by statute or rule of procedure." (Emphasis supplied). The italicized portion of the Rule was added in 1984. In re Florida Rules of Practice and Procedure for Traffic Courts, 458 So.2d 1112, 1115 (Fla.1984). Section 318.14(9) was adopted in 1985. Ch. 85-250, § 2, at 1688, Laws of Fla. Rule 6.560 was later amended to add a specific reference to section 318.14(9). Rule 6.560 contracts the Chapter 322 definition of an infraction conviction, by eliminating those infractions for which there was a "determination" under section 318.14(5), but for which adjudication has been withheld. For criminal violations, there is no rule of traffic procedure similar in effect to Rule 6.560.