908 So.2d 602 (2005)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Larry R. ROSENTHAL, Respondent.
No. 2D04-1108.
District Court of Appeal of Florida, Second District.
August 19, 2005.
*603 Enoch J. Whitney, General Counsel, and Heather Rose Cramer, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Lake Worth, for Petitioner.
No appearance for Respondent.
CANADY, Judge.
The Department of Highway Safety and Motor Vehicles seeks certiorari review of the circuit court's order granting a writ of certiorari and quashing the Department's order revoking Larry Rosenthal's driver's license. Because we conclude that the circuit court failed to apply the correct law, we grant the Department's certiorari petition and quash the circuit court's order.

Background
Acting pursuant to section 322.27(5), Florida Statutes (2002), the Department revoked Rosenthal's driver's license for five years as a habitual traffic offender. The Department based its determination that Rosenthal was a habitual traffic offender on one offense of driving under the influence and two offenses of driving while his license was suspended (DWLS). The circuit court ruled that the Department's determination was erroneous because the court concluded that one of the offenses on which the Department relied was not a qualifying offense under the pertinent statutory provisions. Specifically, the court held that Rosenthal's second DWLS offense, which was committed on February 1, 2002, and involved a disposition based on a nolo contendere plea with adjudication withheld, could not be considered a conviction for purposes of determining Rosenthal to be a habitual traffic offender.

Issue on Review
The Department argues in its certiorari petition that the circuit court failed to apply the correct law in determining that *604 the offense for which adjudication was withheld was not a qualifying offense. The Department contends that the circuit court's ruling "is in direct conflict with the Florida Supreme Court's holding in Raulerson v. State, 763 So.2d 285, 293 (Fla. 2000)," concerning the meaning of the term "conviction" under chapter 322. Rosenthal failed to respond to the Department's certiorari petition to this court.

Analysis
The Department properly sought review by way of petition for writ of certiorari. See Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305 (Fla. 1st DCA 1995). In this second-tier certiorari proceeding, our review "is limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law." Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003). We apply this "two-pronged" analysis in "deciding whether the lower court `departed from the essential requirements of law.'" Id. (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). "A ruling constitutes a departure from the essential requirements of law when it amounts to `a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Id. (quoting Tedder v. Fla. Parole Comm'n, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003)).
In applying this standard of review to the instant case, we must determine whether the trial court departed from the essential requirements of law in interpreting the relevant statutory provisions by failing to apply a pertinent principle of law articulated by the supreme court in Raulerson. We therefore turn to an examination of the pertinent provisions in chapter 322 and of the holding in Raulerson. Our analysis will also involve a provision of chapter 318, Florida Statutes (2002).
Section 322.27(5) provides that "[t]he department shall revoke the license of any person designated a habitual offender, as set forth in s. 322.264." Section 322.264 provides, in pertinent part:
A "habitual traffic offender" is any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) . . . within a 5-year period:
(1) Three or more convictions of any one or more of the following offenses arising out of separate acts:
....
(b) Any violation of s. 316.193, former s. 316.1931, or former s. 860.01;
....
(d) Driving a motor vehicle while his or her license is suspended or revoked
....
Section 316.193 and the other earlier statutory provisions referred to in subsection (1)(b) of section 322.264 relate to driving under the influence. The definition of conviction under chapter 322 is found in section 322.01(10), which provides:
"Conviction" means a conviction of an offense relating to the operation of motor vehicles on highways which is a violation of this chapter or any other such law of this state or any other state, including an admission or determination of a noncriminal traffic infraction pursuant to s. 318.14, or a judicial disposition of an offense committed under any federal law substantially conforming to the aforesaid state statutory provisions.
The dispositive question presented to the trial court was whether an offense of driving with a suspended license for which a nolo contendere plea was entered and adjudication was withheld is a conviction under the provisions set forth in section *605 322.264 and section 322.01(10). Raulerson, in its explicit interpretation of the definition of conviction in section 322.01(10), provides a clear answer to this question. And the answer provided by Raulerson is inconsistent with the trial court's ruling. We therefore conclude that the trial court failed to apply the correct law in issuing a ruling that was at odds with the clearly established law articulated in Raulerson.
In Raulerson, the court interpreted certain provisions of chapters 322 and 318, Florida Statutes (1995). The substance of the pertinent statutory provisions remained unchanged under the 2002 Florida Statutes, which were in force when the challenged order suspending Rosenthal's license was entered by the Department. Accordingly, everything the Raulerson court said concerning the statutory framework continued to apply under the statutory provisions governing the instant case.
The Raulerson court specifically dealt with a challenge to the constitutionality of the provision in section 322.34(1), Florida Statutes (1995), which provided that a person who is convicted of driving with a cancelled, suspended, or revoked driver's license (DWLCSR) is, upon a third conviction, guilty of a third-degree felony. Section 322.34(1) also provided that a person's first conviction of DWLCSR was a second-degree misdemeanor and the second conviction was a first-degree misdemeanor. (In the 2002 Florida Statutes, these provisions of 322.34(1) appear in section 322.34(2)).
The constitutional challenge in Raulerson was based primarily on the argument that "because a trial court may ... withhold adjudication of guilt with regard to a DWLCSR offense, the trial court therefore has the authority to determine whether a third or subsequent DWLCSR offense constitutes a misdemeanor or a felony," which "unconstitutionally infringes upon the Legislature's exclusive authority" to "define the degree of substantive criminal offense." Raulerson, 763 So.2d at 288.
The Raulerson court understood the definition of "conviction" in chapter 322 to be central to the case: "The linchpin of the defendant's primary constitutional challenge to section 322.34(1) is the assumption that no `conviction' results in a DWLCSR case when the trial court withholds adjudication." Id. In deciding Raulerson, the court was thus required to determine whether the definition of "conviction" in section 322.01(10) includes dispositions in which adjudication was withheld.
Adopting in large part the analysis of this question undertaken by the Fourth District in State v. Keirn, 720 So.2d 1085 (Fla. 4th DCA 1998), the court in Raulerson, 763 So.2d at 294, held: "[I]t is clear that the Legislature intended that a `conviction' for the purposes of section 322.34(1), Florida Statutes (1995), include both adjudicated DWLCSR offenses and DWLCSR offenses in which adjudication is withheld." In reaching this conclusion, the court stated that the focus of the definition of "conviction" in section 322.01(10) "`is whether an offense was committed and not on the judicial decision of whether to impose or withhold adjudication.'" Id. at 293 (quoting Keirn, 720 So.2d at 1089). The court explained that the consequence of its understanding of the meaning of conviction was that "`[a] disposition ... regardless of whether adjudication is withheld or imposed... can be used to habitualize under section 322.264(1)(d).'" Id. at 294 (quoting Keirn, 720 So.2d at 1090). That conclusion has direct application to the issue before the circuit court in the instant case and is inconsistent with the reasoning set forth by the circuit court in the order under review.
*606 The Raulerson court did recognize that the disposition of noncriminal traffic infractions pursuant to the process established in section 318.14(10), does not result in a conviction under the definition in section 322.01(10). Under the process set forth in section 318.14(10)(a), certain persons who operate a motor vehicle with a suspended driver's license "may, in lieu of payment of [a] fine or court appearance, elect to enter a plea of nolo contendere and provide proof of compliance. . . . In such case, adjudication shall be withheld." This option is available  subject to certain exceptions  to persons charged with "operating a motor vehicle with a license which has been suspended for failure to appear, failure to pay civil penalty, or failure to attend a driver improvement course." § 318.14(10)(a)(1). Section 318.14(11) specifically provides: "If adjudication is withheld for any person charged or cited under this section, such action is not a conviction."
The court in Raulerson thus acknowledged that section 318.14(11) establishes an exception from the general rule that under chapter 322 dispositions involving an adjudication withheld are convictions: "`The adoption of subsection (11) [of section 318.14] evidences the legislative intent that all dispositions of driving under suspension charges amount to convictions under section 322.01(10), unless adjudication has been withheld pursuant to the procedures of section 318.14(10)....'" Raulerson, 763 So.2d at 293-94 (quoting Keirn, 720 So.2d at 1090).
Section 322.34(1), Florida Statutes (2002), provides that generally DWLCSR is "a moving violation, punishable as provided in chapter 318"  that is, punishable as a noncriminal traffic infraction. But section 322.34(2) requires that "knowing" DWLCSR offenses be treated differently. Under section 322.34(2), persons with a suspended license who drive "knowing of such ... suspension" are subject to progressive criminal penalties. A knowing DWLS offense is not subject to disposition pursuant to section 318.14(10).
The disposition of such a knowing DWLS offense necessarily involves a conviction  even where it is based on a no contest plea and adjudication is withheld. Although the Raulerson court recognized  as the statutory text makes plain  that a nolo contendere plea under section 318.14(10) will result in a disposition that is not a conviction, there is no suggestion in Raulerson that nolo contendere pleas entered outside the section 318.14(10) process receive similar treatment. Indeed, the broad language used by the court forecloses any possibility that a disposition based on a nolo contendere plea outside the context of section 318.14(10) will be anything other than a conviction. Raulerson in fact recognized that dispositions of noncriminal traffic infractions outside the context of section 318.14(10) are to be treated as convictions even when "`[a] "determination" that an infraction has been committed ... arise[s] from a no contest plea.'" 763 So.2d at 293 (quoting Keirn, 720 So.2d at 1089 n. 3). Cf. Montgomery v. State, 897 So.2d 1282 (Fla.2005) (holding that under section 921.0021(5), Florida Statutes (2002), "no contest plea, even though adjudication was withheld, should be considered a prior conviction for sentencing purposes").
In the instant case, the record before us establishes that Rosenthal's second DWLS offense was not an offense for which adjudication was withheld under section 318.14(10). The disposition sheet for the offense in question describes the offense as "DWLS WITH KNOWLEDGE." The disposition sheet also refers to section "322.342"  which must be understood as a reference to section 322.34(2), since there was no section 322.342 at the time of the disposition. The *607 disposition sheet thus establishes that Rosenthal's second DWLS offense was a knowing offense subject to a criminal penalty pursuant to section 322.34(2) and therefore not subject to disposition as a noncriminal traffic infraction under chapter 318.

Conclusion
Rosenthal's second DWLS offense was not subject to disposition under section 318.14(10) and thus must be considered a conviction under the reasoning of Raulerson. In failing to follow Raulerson, the circuit court failed to apply the correct law and violated a clearly established principle of law. The resulting miscarriage of justice  the restoration of Rosenthal's driver's license when the law clearly required that the license be revoked for his habitual violations of the law  justifies the granting of the Department's petition. We quash the circuit court's order and remand for the reinstatement of the Department's revocation order.
Petition granted, order quashed, and case remanded.
SALCINES and SILBERMAN, JJ., Concur.