SALTER, J.
 

 The State appeals two rulings by the circuit court regarding the trial and conviction of Alvio Dominguez for official misconduct and grand theft. The first issue is whether the submission of falsified tuition reimbursement paperwork by a county employee was properly charged as eight separate violations of each statute (per the amended information) or should instead be considered one course of conduct and thus a single violation of the applicable statutes (as the trial court determined).
 

 The second issue is whether the trial court erred by declining to assess the police investigative costs as part of the judgment of conviction pursuant to section 938.27(1), Florida Statutes (2007). We reverse on each of these points.
 

 The amended information alleged, and the evidence at trial proved, that Dominguez sought and obtained tuition reimbursement from a county employee program for eight separate semesters of classes. The program required employees who also obtained military veterans’ educational benefits to report and credit those amounts in submitting their out-of-pocket amounts for reimbursement by the county. Dominguez, himself a veteran and continuing service member with the National Guard, knew about this requirement but considered it discriminatory and unfair. Separately, and for each of the eight semesters, he prepared reimbursement requests that did not reflect a reduction in his expenses for the amounts he received as veterans’ benefits. He then received and kept the resulting overpayments by the county. Although he had notified the county of his position that the county’s requirement was improper, he did not advise the county that he was submitting reimbursement requests as if the requirement did not exist.
 

 The initial information charged one count of official misconduct under section 838.022, and eight counts of grand theft under section 812.014, Florida Statutes (2007). The amended information charged eight counts of official misconduct, rather than a single count, and the same eight grand theft counts, with each semester’s reimbursement request charged separately under each statute. The jury convicted Dominguez on all sixteen counts.
 

 The trial court granted Dominguez’s renewed motion for dismissal of seven counts under each statute, expressing on the record a concern that the State might have delayed the defendant’s arrest or amended the information to exact a higher sentence. At sentencing, the trial court also acknowledged that it would have granted a defense motion for mitigation or downward departure, rendered moot by the dismissal of fourteen of the sixteen counts, because of Dominguez’s military record and the absence of any prior felony convictions.
 

 The renewed motion to dismiss seven of eight charges under each statute should have been denied. As a matter of law, we have previously determined that each submission of fraudulent documents for payment is chargeable as a separate violation.
 
 State v. Diaz,
 
 814 So.2d 466, 467 (Fla. 3d DCA 2002) (as to grand theft, “[t]he statute is silent on the issue of continuing offenses, with no suggestion that the legislature intended to make grand theft a continuing offense,” finding that each invoice was a “separate taking”);
 
 Vizcon v. State,
 
 771 So.2d 3 (negotiation of each fraudulent check over a thirteen-
 
 *784
 
 month period is a separate violation of the applicable statute).
 
 [1]
 
 In short, mitigation and a downward departure may be appropriate, as the trial court noted, based on Dominguez’s record with the county and military (although that question is not presently before us), but the dismissal of separately-chargeable offenses is not a permissible means to the same end.
 

 Regarding the investigative costs, section 938.27, Florida Statutes (2007) provides that such costs “shall” be included in the judgment of conviction. The costs must be established by a preponderance of the evidence. The defense complained that certain expenses related to one individual were not shown to have been related to the case, but the court summarily declined to award any investigative costs whatsoever. The record does not provide a legal or factual basis for denying all of the investigative costs submitted. On remand, the trial court should allow the State an opportunity to prove the costs and the defense an opportunity to object to or disprove those expenses.
 

 Reversed and remanded for reinstatement of the jury’s verdict on all counts, for re-sentencing, and for further proceedings regarding the assessment of investigative costs.
 

 [1]
 

 . Dominguez argues that such an interpretation might allow each separate piece of paper submitted for a single semester’s reimbursement to be separately charged. That is not before us and is not our holding here.