NORTHCUTT, Judge.
Adam Clark Raleigh stands charged with habitual driving while license suspended or revoked. In this certiorari proceeding, he asks us to quash an order preventing him from deposing the arresting officer. We deny his petition.
After Raleigh scheduled the officer’s deposition, the circuit court granted the State’s motion for a protective order on the ground that Raleigh had not complied with Florida Rule of Criminal Procedure 3.220(h)(1)(D). Under that provision, no deposition may be taken “in a case in which the defendant is charged only with a misdemeanor or a criminal traffic offense ... unless good cause can be shown to the trial court.”
The specific conduct giving rise to the charge against Raleigh — driving while one’s license is canceled, suspended, or revoked — may be a second-degree misdemeanor, a first-degree misdemeanor, or a third-degree felony, depending on the number of times the driver has been convicted based on that behavior or depending on whether the driver is a habitual traffic offender. See § 322.34(2), (5), Fla. Stat. (2008). Raleigh is charged with a third-degree felony because he allegedly has been convicted at least twice before. Therefore, rule 3.220(h)(1)(D) is not implicated by virtue of the degree of the offense for which Raleigh is charged.
However, the rule is rendered applicable to Raleigh’s case by the nature of the charged offense, as opposed to its degree. Raleigh is alleged to have violated a provision of chapter 322, which regulates drivers’ licenses and is a component of title XXIII, which contains the various chapters related to the licensure and operation of motor vehicles. A number of drivers’ license violations deriving from the requirements of chapter 322 have been designated by the legislature as “noncriminal traffic infractions.” See § 318.14, Fla. Stat. (2008). These include, for example, driving with a license that has been expired for four months or less, § 322.065; driving without carrying a valid license, § 322.15(1); driving at certain times while underage and without being accompanied by an adult, § 322.16(2), (3); and failing to timely update a license after a name or address change, § 322.19. Id.
Raleigh’s alleged drivers’ license violation is not on the list of “noncriminal traffic infractions.” To the contrary, as mentioned, violation of section 322.34(2) is a misdemeanor or a felony, depending on the number of times the defendant has previously been convicted of it. In other words, it is a “criminal traffic offense” as contemplated in rule 3.220(h)(1)(D). We therefore agree with the circuit court that Raleigh is charged with a criminal traffic *1020 offense, subject to the good cause requirement of rule 3.220 in order to take a deposition. Cf. Dep’t of Highway Safety & Motor Vehicles v. Rosenthal, 908 So.2d 602, 607 (Fla. 2d DCA 2005) (holding that “Rosenthal’s second DWLS offense was ... subject to a criminal penalty pursuant to section 322.34(2) and therefore not subject to disposition as a noncriminal traffic infraction under chapter 318”).
Although we deny Raleigh’s petition for relief, we do so without prejudice to his right to argue good cause for a deposition, if he is able to do so. We note the rule’s provision that “[i]n determining whether to allow a deposition, the court should consider the consequences to the defendant, the complexity of the issues involved, the complexity of the witness’ testimony (e.g., experts), and the other opportunities available to the defendant to discover the information sought by deposition.” Fla. R.Crim. P. 3.220(h)(1)(D).
Petition denied.
ALTENBERND, J., and CASE, JAMES R., Associate Judge, Concur.