PER CURIAM.
 

 Miami-Dade County (“the County”) petitions this Court for certiorari review of a decision rendered by the appellate division of the circuit court (“circuit court”), which reversed a decision entered by the County Manager. Because we conclude that the circuit court’s decision is a clear departure from the essential requirements of law resulting in a miscarriage of justice,
 
 see Custer Med. Ctr. v. United Auto. Ins. Co.,
 
 62 So.3d 1086, 1092 (Fla.2011), we grant the petition and quash the circuit court’s opinion.
 

 Section 2-42(22) of the Miami-Dade County Code provides for the automatic suspension of a County employee who has been charged with a crime, and for an automatic forfeiture of his/her County position if tried, found guilty, and the conviction is not reversed. Additionally, section 2-42(22) specifies that any such person “shall not thereafter be eligible to any such service ... regardless of whether the person is placed on probation or given a suspended sentence.”
 

 Alvio Dominguez, Jr., a County employee, was tried and found guilty of stealing thousands of dollars from the County by fraudulently obtaining reimbursement for tuition charges he never paid. His multiple convictions (sixteen counts) were subsequently affirmed on appeal.
 
 State v. Dominguez,
 
 27 So.3d 782, 784 (Fla. 3d DCA 2010). Thus, the circuit court departed from the essential requirements of law by: (1) reversing the County Manager’s decision denying Dominguez’s request for an administrative hearing for the purpose of contesting his discharge from employment with the Miami-Dade Fire Rescue Department; and (2) reversing the termination of Dominguez’s employment because he received a “withhold of adjudication” as to all convictions.
 
 See Montgomery v. State,
 
 897 So.2d 1282, 1285 (Fla. 2005) (specifying that a finding of guilt is a “conviction” even though adjudication of guilt is withheld);
 
 State v. Gazda,
 
 257 So.2d 242, 243-44 (Fla.1971) (holding that “the term ‘conviction’ means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court”);
 
 State v. Keirn,
 
 720 So.2d 1085, 1087-88 (Fla. 4th DCA 1998) (finding
 
 *1002
 
 that a defendant who “is found guilty by a jury has been ‘convicted’ ... even in the absence of an adjudication”) (citing
 
 Smith v. Bartlett,
 
 570 So.2d 360, 361 (Fla. 5th DCA 1990)). We therefore grant the County’s petition, and quash the circuit court’s appellate opinion.
 

 Petition granted; opinion quashed.