# Third District Court of Appeal

## State of Florida

Opinion filed August 20, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-435
Lower Tribunal No. 12-28444
_____

**The State of Florida,**
Appellant,

vs.

**Aurora Fernandez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, for appellee.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Before SHEPHERD, C.J., and ROTHENBERG and SALTER, JJ.

SALTER, J.

<u>On Partial Concession of Error</u>

The State of Florida appeals orders dismissing a two-count information alleging unemployment compensation fraud (section 443.071(1), Florida Statutes (2012)) and grand theft (section 812.014(2)(c), Florida Statutes (2012)), based on unemployment benefits fraud. The trial court dismissed both counts based on the statute of limitations.

With respect to Count II, grand theft, the defendant has properly conceded that the applicable statute of limitations is the five-year period specified in section 812.035(10), Florida Statutes (2012), rather than the three-year statute applied by the trial court based on arguments advanced by the defendant's counsel at the time. All of the allegedly-criminal acts set forth in Count II occurred within the five-year period preceding the filing of the information. We thus reverse the order of dismissal as it relates to Count II, and remand the case to the trial court for further proceedings.

With respect to Count I, unemployment compensation fraud, section 775.15(2)(b), Florida Statutes (2012), provides that such a prosecution "must be commenced within 3 years after it is committed." The information, filed December 4, 2012, alleged that the false statements or knowing, material non-disclosures by the defendant occurred between November 10, 2008 and February 10, 2010. The affidavit submitted in support of the arrest warrant listed 21

allegedly-fraudulent benefit payments obtained by the defendant between November 25, 2008, and February 9, 2010; only four of these were issued within the three-year statute of limitations. Each fraudulently-obtained payment of benefits is a separate violation under section 443.071(1). See State v. Dominguez, 27 So. 3d 782 (Fla. 3d DCA 2010). The trial court erred in dismissing Count I in its totality, though the State's case may be limited to those allegedly-criminal acts that were within the three-year period preceding the filing of the information.

Reversed and remanded for further proceedings in accordance with this opinion.